CHARLES HILDEBRANT, Respondent, *v.* EDGAR M. CRAWFORD, Appellant.

EDGAR M. CRAWFORD, Survivor, etc., Appellant, *v.* THEODORE HILDEBRANT et al., Respondents.

A party to an action is not prohibited by section 399 of the Code from testifying to a transaction or communication between himself and a deceased agent of the opposite party.

He may testify also to a conversation,· heard by him, between a principal and agent, both deceased, as against a successor in interest of the principal.

(Argued October 2, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme court in the third judicial department, affirming a judgment

in favor of plaintiff in the action first above entitled, and of the defendants in the action second entitled, entered upon the report of a referee. (Reported below, 5 Lans., 502.)

The nature of the actions and the facts are sufficiently set forth in the opinion.

*Samuel Hand* for the appellant. The evidence of Hildebrant as to the consent of Ridder in a conversation with him and Kellogg to his paying for the house and lot in produce, was inadmissible and fatal to the recovery. (*Fore* v. *Clark*, 61 Barb., 216; *Clark* v. *Smith*, 36 id., 30; *Dyer* v. *Dyer*, 48 id., 190; *Stanley* v. *Whitney*, 47 id., 586; *Dubois* v. *Baker*, 30 N. Y., 355.)

*Amasa J. Parker* for the respondents. The evidence as to the conversation between Ridder and Kellogg as to Hildebrant making payment in produce, was properly admitted. (*Shirley* v. *Bennett*, 6 Lans., 512; *Coller* v. *Wenner*, 45 Barb., 397; *Simmons* v. *Sisson*, 26 N. Y., 264, 276; *Lobdell* v. *Lobdell*, 36 id., 333; *Sanford* v. *Sanford*, 61 Barb., 301.)

REYNOLDS, C. These two actions were tried as one, and disposed of by a single judgment, and come here upon a single appeal by Crawford, the plaintiff in one and the defendant in the other action. The one was brought by Crawford, as survivor, to foreclose a mortgage, and the other by Hildebrant, for the balance of an account which he alleged to be his due.

The referee, before whom the cases were tried as one, found that Hildebrant, being indebted to the firm of Ridder, Crawford & Palmer in the sum of $800, on the 18th of July, 1857, assigned the mortgage of Theodore Hildebrant, sought to be foreclosed in the action by Crawford, as survivor of his copartners, to secure the payment of that debt, and that on the 20th of December, 1861, the debt so secured was fully paid and discharged. The result of this finding of fact was, that the assignment of the mortgage was canceled, and the mortgage directed to be delivered up to Charles Hildebrant.

In the action brought by Hildebrant against Crawford the referee found that the latter was indebted to the former in the sum of $688.05, and judgment thereon followed, with costs. These findings are, I think, founded upon sufficient evidence, and unless some error has happened on the trial, the judgment of the Supreme Court cannot be disturbed.

It appeared that the firm of Ridder, Crawford & Palmer were dealers in tobacco, in New York city, for some time prior to and down to the 18th of September, 1857, when Ridder died. It is suggested that Ridder was but a special partner in the concern after the 1st of May, 1856, but I do not see that the fact is established, nor do I see that the fact is material, if it existed, to any question we have to consider. After the death of Ridder the business of the firm was continued by Crawford & Palmer until March 1, 1859, when Palmer died, and thereafter Crawford continued it in his own name. One Kellogg was the agent, at Ithaca, of the firm of Ridder, Crawford & Palmer from May, 1855, during the continuance of that firm, and for Crawford & Palmer, and after Palmer's death for Crawford, until about the 1st of January, 1862, when his services as agent appear to have been dispensed with. Whatever difficulty arose as to the power of Kellogg as agent, I think is finally disposed of by the referee as a question of fact, upon at least some evidence to support the finding, and it is not too much to say upon quite sufficient evidence that his agency was quite general, and as to third persons, dealing upon the faith of customary transactions, might be regarded as general to a very large extent.

On the trial, Hildebrant offered himself as a witness on his own behalf, and was permitted to give evidence of a transaction between himself and Kellogg, who was dead at the time of the trial. The objection was that the evidence offered came within section 329 of the Code, "being a transaction and communication between Kellogg, agent, deceased, in an action against Crawford as survivor of Ridder, Crawford & Palmer." There is no force in this objection, for the reason that it was a transaction or communication forbidden by the

section of the Code relied on, which is forbidden to be given in evidence against a deceased party, or his successors in interest. While the declarations and transactions of Kellogg, as agent, might bind his principals, it is impossible to discover how conversations and transactions with him, as agent, can be brought within section 339 of the Code, as conversations and transactions with his principals, so that in case of his death they could not be proved by a party in an action seeking to enforce the obligations resulting from them. The fact of his agency being established, his acts and declarations, within the scope of his authority, and as a part of the *res gestæ*, are admissible against the principal whether, at the time the evidence is offered, the agent is living or dead. The objection would be of precisely the same force if made in an action against all the members of the firm of Ridder, Crawford & Palmer if they had all been living at the time of the trial, Kellogg alone having died, and such an objection, I think, could not prevail anywhere.

Hildebrant, under like objection, was permitted to give evidence of a conversation between Ridder, one of the firm, and Kellogg, at which Hildebrant was present, and in which, it is claimed, he participated, and for that reason it was a personal transaction between Hildebrant and Ridder, who, as well as Kellogg, was dead, that could not be proved by the evidence of Hildebrant. If it was clearly shown that the conversation pointed at was between Ridder and Hildebrant, in any proper sense, there might be force in the objection. It is to be assumed that this evidence was material in the cause, but I think the case shows that it was really to a conversation between Kellogg and Ridder, which was heard by Hildebrant, that the objection was pointed. The objection is made to a question, " what was the conversation between Ridder and Kellogg, which you heard?" and, being overruled, the evidence complained of followed. It is very obvious that the counsel for Crawford on the trial regarded the objection as only aimed at a conversation between Kellogg and Ridder, for it was so characterized in subsequent motions to strike the

evidence out of the case. In this view of the fact it seems to me clear that the objection was not well taken, and I think such is the result of the opinion of Johnson, J., in the case of *Cary* v. *White*, recently decided by the Court of Appeals.[*]

I do not find any other questions important to be considered by us, and the judgment of the Supreme Court ought to be affirmed.

All concur.

Judgment affirmed.