MARK A. NICHOLLS, AS EXECUTOR, ETC., OF MARTIN I. BORST, DECEASED, APPELLANT, v. THOMAS N. VAN VALKENBURGH AND THOMAS T. FLAGLER, AS EXECUTORS, ETC., OF DANIEL A. VAN VALKENBURGH, DECEASED, RESPONDENTS.

*Evidence of financial situation of parties — when admissible.*

This action was brought upon a note made by Van Valkenburgh, defendant's testator, and payable to the order of one Borst, plaintiff's testator. The note was incomplete in form — the amounts not being fully filled in. The defense was that the note was given as a memorandum or voucher for a gold draft, drawn by Borst, as president of the Exchange Bank of Lockport upon the Metropolitan Bank of New York, to the order of the Bank of Montreal, to settle a transaction in which Borst and Van Valkenburgh were interested, it being the intention that when the cost of the gold draft was known, such amount should be filled in in the note, and that the note should be discounted to pay the amount of such draft. It was claimed that afterwards such gold draft was paid for in a different manner, and the incomplete note forgotten until after Van Valkenburgh's death, when it was presented by Borst.

Upon the trial evidence was given of the financial situation of Borst and Van Valkenburgh at the time the note was made, and at its maturity, to sustain defendant's version of the transaction, and to show the improbability of its remaining over-due without a demand for its payment. *Held*, that the evidence was admissible.

*Nicholson* v. *Waful* (70 N. Y., 604) distinguished.

Van Valkenburgh's son having testified that he was intimately connected in business with his father, and kept his books, was allowed to testify that neither the note nor its proceeds entered into such business. *Held*, no error.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury at the Niagara Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*G. W. Bowen*, for the appellant. The court erred in allowing the defendants to prove the pecuniary condition of Martin I. Borst, the plaintiff's testator, at the date of the note in suit, and from thence to the time that the plaintiff's claim was presented to the defendants for payment. (*Alexander* v. *Dutcher*, 7 Hun, 439 [14 N. Y. S. C. R.]; *Daby* v. *Ericsson*, 45 N. Y. R., 786.) The court erred in admitting evidence as to the pecuniary condition of Van Valkenburgh, the defendant's testator. (Best on Ev., vol. 2, p. 690; note (v), per Lord ELLENBOROUGH: *Benebridge* v. *Osborn*, 1 Stark, 374.)

*Ellsworth & Potter*, for the respondents.

TALCOTT, P. J.:

This is an appeal from a judgment rendered on a verdict at the Niagara Circuit, and from an order denying a new trial, on a motion made on the minutes of the Circuit judge.

The action was originally commenced by Martin I. Borst, the plaintiff's testator, and was upon a promissory note purporting to have been made October 26, 1868, by Daniel A. Van Valkenburgh, the testator of the defendant, payable sixty days after date, to the order of the said Borst, at the New York State National Bank, Albany, and on two other alleged causes of action which were withdrawn at the commencement of the trial, leaving the action to be tried solely on the alleged note. The answer interposed by the defendants, the executors of Van Valkenburgh, was a general denial, payment, want of consideration, and that the note was made solely for the accommodation of the said Borst, the payee. But the real defense relied on was, that the note had been made and delivered to Borst in an imperfect and unfinished condition, as a memorandum or voucher for some money, at the same time advanced by the Exchange Bank at Lockport to the Bank of Montreal, which was sent in the form of a gold draft, drawn by

the said Exchange Bank, on its correspondent the Metropolitan Bank of New York, of which the cashier of the Exchange Bank on the same day advised the Metropolitan, and requested it to purchase the gold to pay it with, and charge the cost of the gold to the Exchange Bank. The price of gold being at the time fluctuating from day to day, which was the occasion of the note not being perfected.

That the note was intended to be discounted by the Exchange Bank at Lockport, or by the State National Bank at Albany, to provide funds to reimburse the Exchange Bank, for the amount of the gold draft which it remitted to the Bank of Montreal, to pay an amount which then became due to the Bank of Montreal, on a transaction concerning the purchase of a distillery in Canada, in which Borst and Van Valkenburgh were interested, but which was afterwards otherwise arranged; and that the fact that Borst had this memorandum note was overlooked and forgotten until after the death of Van Valkenburgh, when it was produced against the executors of Van Valkenburgh by Borst, and set up as a valid claim against the estate of Van Valkenburgh. The note was produced on the argument, and was in the form following, viz:

"$7.                      LOCKPORT, N. Y., October 26, 1878.

"Sixty days after date, I promise to pay to the order of M. I. Borst, seven thousand and three hundred       dollars, at the New York State National Bank, Albany, N. Y.

"Value received.          D. A. VAN VALKENBURGH."
"No.———.       due———."

At the time when the alleged note bears date, Borst was the president of the Exchange Bank of Lockport, and Van Valkenburgh was a director. Mark A. Nicholls, the plaintiff, was the cashier of the bank, and the note was made by partially filling up one of the blank forms of notes kept by the said Exchange Bank. It was filled up by said Nicholls, but he had no recollection of the transaction, or of the occasion when it was filled up, or the purpose of the note.

The defense was sought to be sustained by circumstantial evidence, in the course of which the defendant gave in evidence many

circumstances tending to show the financial situation of Martin I. Borst, and also of D. A. Van Valkenburgh, at and about the time when the note purported to have been made; and afterwards, after the note, by its terms, purported to have become due and remained unpaid, with a view not only of showing, from the trans-actions of the parties, the probability that the note was signed at the time and for the purpose claimed by them, but also of showing, by inference, the improbability that, if the note represented an actual and *bona fide* claim against Van Valkenburgh in favor of Borst, it would have been permitted by the latter to have remained overdue, and without any demand of payment or attempt to col-lect the same in the life-time of Van Valkenburgh. Both descrip-tions of testimony of this character were taken under the objection of the plaintiff's counsel as to inadmissibility, for the purpose of showing the financial position of the parties, and on the ground that it was wholly irrelevant to any of the issues in the case.

In the case of *Nicholson* v. *Waful* (70 N. Y., 604), the Court of Appeals recently reversed the General Term decision of this depart-ment, which had held that evidence that the plaintiff had declared that he had not $100, and that he was working in a mill at $1.50 per diem, was admissible in a case where the defendant was sued on a note for $450, and declared that he had never made such a note; or, if he had, it was while he was intoxicated, and he only received $250, for which amount he had given his note. So far, however, as the reports show, there was nothing in the case, either in the form of the note or in any of the collateral circumstances proved, tending to show that it was given as a memorandum, or for any other purpose than as a security for the payment of the amount specified in it. (See the case reported in Sup. Ct., 6 Hun, 655; 70 N. Y., 604.)

We think the case of *Nicholson* v. *Waful* rests on its own pecu-liar circumstances, and on the inconclusive nature of the evidence offered. Here, the evidence admitted was offered as only one of various circumstances tending to establish the fact that the alleged note did not represent an actual and valid claim of Borst against Van Valkenburgh, and we think, in this case, it was properly admitted for the consideration of the jury, together with the other evidence bearing on the subject. (See opinion of JOHNSON, J., in

*Wardell's Adm'r* v. *Elmendorf's Adm'rs*, 10 N. Y., 171; *Burlew* v. *Hubbell*, Sup. Ct., 3d Dept., 1 T. & C., 236; *Stevenson* v. *Stewart*, 11 Penn., 307; examined in *Woods* v. *Gummert*, 67 Penn. St., 136, and the remarks of the Chancellor and Senator MASON, in *Miller* v. *Smith's Ex'rs*, 16 Wend., 425, at pp. 435, 443–447 of the case.)

The precise questions presented by these objections seem to have been considered, and the objections overruled in a recent decision of the Supreme Court of Illinois. (*Thorp* v. *Goewey*, "The Reporter," Vol 5, No. 21, p. 619, May 22, 1878.)

The evidence, as to the personal relations existing between Borst and Van Valkenburgh at a period subsequent to the supposed maturity of the note, was admissible to go to the jury with the other evidence. It afforded grounds for a presumption that, if the note had been a valid claim in the hands of Borst, it would probably have been demanded, and its payment enforced. It also tended to throw light upon and explain certain other facts disclosed by the testimony.

The testimony of Thomas N. Van Valkenburgh, as to his knowledge of the alleged note, and as to whether it or its proceeds entered in any way into the business of D. A. Van Valkenburgh, was, we think, admissible. His intimate connection with, and knowledge of the business of his father, the reputed maker of the note, and the fact that he kept his father's books, had been stated by him, and his want of knowledge on the subject, though, perhaps, entitled to little weight, was proper to be laid before the jury.

The objections to the reading in evidence of the discharge of the mortgage by the Bank of Montreal, if any of them are well founded, are not very material, as the payment of the mortgage was otherwise proved by the testimony of Thomas N. Van Valkenburgh.

The objection to the testimony of Thomas N. Van Valkenburgh, as to what took place between his father and Mr. Borst on the 24th of November, 1869; that the same was incompetent under section 829 of the Code of Civil Procedure, does not seem to be well taken. The witness was only a spectator at that interview, and the communication was not, in any sense, one had between

the witness and Borst personally. (*Cary* v. *White,* 59 N. Y., 336; *Hildebrant* v. *Crawford,* 65 N. Y., 107.)

The exceptions referred to appear to embrace all those of any importance. Though the case is not without difficulty, we think, on the whole, that it presented a question of fact for the jury, which they have disposed of as intelligently, and as much in accordance with the justice of the case, as could have been expected.

The judgment and order refusing a new trial should be affirmed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order denying new trial affirmed.