J. B. WITHERS, AS ADMINISTRATOR OF THE ESTATE OF E. J.
BAKER, DECEASED, PLAINTIFF IN ERROR, vs. W. Y. SAND-
LIN, DEFENDANT IN ERROR.

1. An account sued on as the cause of action with an ex-parte
    affidavit attached, to the effect that the account stated
    is just and true as stated, and no part of same has been
    paid, is not evidence per se of the correctness of the ac-
    count and it is error to admit it in evidence as such

2. An administrator of an estate may become bound in his rep-
    resentative capacity upon an account stated by him with

a creditor of the decedent of whom he is representative, but the mere silence of an administrator, or failure to object, when an account against his intestate is presented to him for payment is not alone sufficient to authorize the inference that he has thereby stated the account and relieved the claimant of the necessity of establishing it in the usual way, or put upon the administrator the burden of affirmatively establishing mistake or error .

3. Section 1095, Revised Statutes, disqualifying certain interested persons from testifying against the estates of deceased persons, does not prohibit a person interested in the result of the suit from testifying to a conversation had exclusively between the decedent and a third party as against decedent's administrator, provided the interested witness took no part in the conversation either actually or by acquiescence.

4| Though an account stated be proved, yet if it clearly appear that such account or particular items charged therein be wholly unfounded no recovery can be had for the unfounded claim or items.

Writ of error to the Circuit Court for Hamilton County.

The facts of the case are stated in the opinion of the court.

*Roberson & Small,* for Plaintiff in Error.

*B. B. Blackwell* and *D. B. Johnson,* for Defendant in Error.

MABRY, J.

This cause was referred by the court to its commissioners for investigation who have reported that it should be reversed. After a careful consideration the court is.

of the opinion that the judgment should be reversed for reasons stated in this opinion.

The suit was by the defendant in error against plaintiff in error, declaration originally filed containing common counts for goods, wares and merchandise sold and delivered; for work and labor done; for money lent; for money paid; for money received, and for an account stated. Subsequently a special count was added alleging that E. J. Baker, deceased, in his lifetife contracted with I. T. Carter in his lifetime for the latter to locate and survey lands situate in the counties of Echols and Clinch, State of Georgia, and for such services it was agreed by and between said parties that Carter's compensation should be equal to one-half the value of the lands so located; that under said agreement Carter in the lifetime of Baker located and surveyed large tracts of land, to-wit: Twenty-five lots in Clinch county and twenty-five lots in Echols county, each of said lots being of the value of $200; that Carter for value received transferred and assigned all of the said claims and demands against Baker to plaintiff, of which defendant had due notice, and that he neglected and refused to pay the same, though often requested to do so, to the damage of plaintiff in the sum of $3,500. Pleas were filed to the original declaration and one to the special count which were treated in the trial court as the general issues to all the counts. The trial, which was a second one, subsequent to the reversal in this court (Withers v. Sandlin, 36 Fla. 619, 18 South. Rep. 856), resulted in a judgment against plaintiff in error, administrator of the estate of E. J. Baker, deceased, for $3,016.84, to be levied of the goods and chattels, lands and tenements of the estate of E. J. Baker, deceased, in the hands

of said Withers, administrator to be administered. The writ of error is from this judgment.

The case was presented in the trial court in a very confused way, an dthere is some doubt whether the suit is against plantiff in error in his representative capacity as administrator, or individually, and also whether the pleas filed are sufficient.

As no objection was made by demurrer or otherwise to any of the pleadings, we will consider the case here as it was treated in the trial court as one against plaintiff in error in his representative capacity as administrator of E. J. Baker, deceased, and examine such of the objections presented as are deemed essential.

To maintain the issues on his behalf plaintiff below offered in evidence the following account with affidavit and endorsement thereon, filed as bill of particulars, viz:

E. J. Baker            to          I. T. Carter, Dr.

Sept. 15, 1888. For surveying and locating fifty-
eight lots of land in Echols and Clinch coun-
ties, State of Georgia.....................$2,750 00
To five months services rendered E. J. Baker,
ending Nov. 23rd, 1888.................... 125 00
                                          _____
                                          $2,875 00

State of Florida,
Hamilton County.

Before me personally came I. T. Carter who, being duly sworn, says that the above stated account is just and true as stated, and that the same is due and that no part thereof has been paid.        I. T. CARTER.

Sworn and subscribed to before me this June 12th, A. D. 1889.           D. B. JOHNSON,
                Notary Public, State at Large.
                (Endorsed)

Withers, Admr., v. Sandlin.—Opinion of Court.

For value received I hereby transfer, assign and set over to W. Y. Sandlin the within account with full ower to collect the same by suit as fully as I myself would or could have done.     I. T. CARTER.
$572.78.   Received on within claim $572.78.  Oct.   3rd, 1890."

Defendant objected to the introduction of the paper in evidence on the ground that it was not evidence of any indebtedness by E. J. Baker to I. T. Carter, and that it was improper to allow the same with endorsements, especially the affidavit of I. T. Carter, to be read to the jury.  The objection was overruled and the paper admitted in evidence, to which ruling the defendant excepted. We are of the opinion that the court erred in permitting the account with the affidavit attached to be introduced in evidence.   The account was not evidence *per se* of any liability against the defendant administrator.   Belote v. O'Brian's Administrator, 20  Fla.  126.   In  connection with proof that the account had been stated between the parties it might have been admitted.   Jacksonville M. P. Ry. & Nav. Co. v. Warriner, 35 Fla. 197, 16 South. Rep. 898.  The affidavit attached to the account was entirely *ex parte* and inadmissible as evidence in any view and this it apparent from the paper itself.  It appeared from the pleadings that defendant was sought to be held liable as administrator of E. J. Baker, deceased, on a claim in favor of I. T. Carter against Baker, transferred to plaintiff, and Carter made the affidavit to the account, and therein stated that the "above stated account is just and true as stated, and that the same is due and no part thereof has been paid."  If we were to concede that a party holding an account against the estate of a deceased per-

17 S. C.

son, in which there were items for services rendered the deceased, could under our statute (Section 1095, Revised Statutes) testify that the account was just and true as stated, that would not authorize an *ex parte* affidavit to that effect to be admitted in evidence. The benefit of cross-examination would entirely be gone if such a rule should be established.

The following portion of the charge of the court to the jury was excepted to by defendant, viz: "You are instructed that part payment of an account presented for payment is not conclusive evidence that the whole account is a valid or just account, but it may be evidence and is *prima facie* evidence that a part of the account thus paid was just and valid, and may, in the absence of evidence showing that the balance of the account was objected to go to show that the justice of the whole acount was acquiesced in by the debtor. If from the evidence, or weight of the evidence, you should find that the account of I. T. Carter against E. J. Baker, defendant's intestate, sued on, was presented to the defendant for payment as administrator, he was bound to examine it and to have stated his objections thereto within a reasonable time, if he had any, and if he did not do so, such account under ordinary circumstances will be treated presumptively by acquiescence a stated account. And a stated account establishes *prima facie* the correctness of the items of the account, and unless this presumption is overcome by proof of fraud, mistake or error, it becomes conclusive; still an account stated may be impeached for fraud, mistake or error. The party impeaching it has the burden of proof thrown upon him of such impeachment. You are also instructed that what is a reasonable time within which a party must object or become bound depends upon the re-

lation of the parties and the usual course of business be-
tween them. If from the weight of evidence you should
find that the account here sued on was presented to de-
fendant for payment by I. T. Carter, the assignor, to the
defendant for payment, and that the defendant made
the payment of $572.78 on the same, and that he made no
objections to said account then and there, and that after-
wards the said account was assigned the plaintiff, Sand-
lin, and that the defendant had knowledge of said assign-
ment, and demand of payment was made upon the defen-
dant for payment and he made no objections to said ac-
count until after suit thereon, in this case unless the de-
fendant has shown by a preponderance of evidence that
said account is erroneous or fraudulent, you should find
for the plaintiff such sum as is just from the evidence."
This portion of the instructions given to the jury in favor
of the plaintiff is unobjectionable, except that part to the
effect that if the account of I. T. Carter against E. J.
Baker was presented to the defendant as administrator
for payment he was bound to have examined it and to
have stated his objections thereto, if he had any, within
a reasonable time, and if he did not do so, such account
under ordinary circumstances will be treated presump-
tively by acquiescence as a stated account. The court
doubtless was influenced in this portion of the charge by
the decision in Martyn v. Arnold, 36 Fla. 446, 18 South.
Rep. 791, but the rule there stated as to the acquiescence
in an account rendered had reference to parties in their
own right and not to the case where the party against
whom the account stated is claimed is an administrator
of an estate. The mere silence of an administrator or
failure to object, as the charge seems to imply, when an
account against his intestate is presented to him is not

sufficient to authorize the inference that he has thereby stated the account and so relieve the claimant from establishing it in the usual way, or put upon the estate the burden of affirmatively establishing mistake or error. Schutz v. Morette, 146 N. Y. 137, 40 N. E. Rep. 780. It is well settled that an administrator may become bound in his representative capacity upon an account stated by him with a creditor of the decedent of whom he is representative. Ellis v. Bowen, Forest's Rept. 98; Segar v. Atkinson, 1 H. Black. 102; Powell v. Graham, 7 Taunton 580, S. C. 1 Moore 305; Ashby v. Ashby, 7 Barn. & Cress. 444; Schutz v. Morette, *supra;* 3 Williams on Executors (7 Am. Ed.) 289; 1 Chitty on Pl. (16 Am. Ed.) 227. As stated above, however, the mere silence or failure to object is not sufficient to show the statement of account against administrator.

We think there was no error in the court's refusal to give the charges requested by defendant below. The request numbered two (2) if it had been confined to the special count of the declaration should have been given, but as drawn was applicable to the entire declaration, and was, therefore, properly refused.

Exception was taken to the ruling of the court permitting John M. Carter to testify against the defendant administrator. The objection made by counsel is that John M. Carter was interested in the result of the suit, and therefore disqualified as a witness under Section 1095, Revised Statutes. The ordinary bill of exceptions shows that objection was made to the witness on the ground stated, but there is no showing there that the witness had any interest in any way in the suit or the result thereof, and to the extent of the assignments of error on this point there are no sufficient facts to au-

thorize their consideration. As the case has been twice tried and must again be sent back, and the point sought to be raised may be presented again, as appears in the evidentary bill of exceptions, we will settle it, especially as under previous decisions of this court (Stewart v. Stewart, 19 Fla. 846; Tunno v. Roberts, 16 Fla. 738, text 750), it might become the duty not only of the Circuit Court, but this court, to disregard the testimony of a witness that was incompetent to testify under the section of the statute mentioned. John M. Carter testified that he was a son of I. T. Carer and that, as he understood, the balance of the account sued on, after paying W. Y. Sandlin the amount of I. T. Carter's indebtedness and all expenses of collecting the same, was to go to the estate of I. T. Carter, and in that way he was interested in the result of the suit. He then testified that he was present when Baker and Carter made an agreement for surveying the lands; that they talked the matter over in his presence; that Carter was to have one-half of the lands for the work, and Baker agreed to settle with Carter for his half interest on a basis of $100 a lot, viz: that he was to receive $50 a lot; that there were about forty lots; that about fifteen of the lots Carter was to be paid a salary for the work, but he did not know how much; that the lands lay in Clinch and Echols counties, Georgia; that he helped Carter to survy the lands about one week, but did not know how many lots were surveyed during that time. On cross examination the witness testified as follows: "The work that I. T. Carter was to do was to survey and locate those lands and quiet the titles so that E. J. Baker could work them for turpentine and saw-mill purposes. My understanding was that I. T. Carter was to put Baker in peaceable possession of the lands. Other

parties were claiming the lands and objected to any one's working the timber. The Moodys claimed and it was to quiet these claims that Carter was employed, which he failed to do. I know that Baker never did work nor get the ossession of the lands, and that J. B. Withers never got possession of them nor work them, and that other parties are in possession of them." Conceding that the testimony showed such a direct and certain interest on Carter's part as to have disqualified him from testifying to any transaction or communication *between .himself* and the deceased, it did not appear from the testimony that the witness undertook, or was permitted, to testify to any such transaction or communication *between himself* and the deceased. The statute referred to, it has been held, was adopted from New York, and it is almost identical in language with the New York statute. Adams v Board of Trustees of Internal Imp. Fund, 37 Fla. 266; 20 South. Rep. 266. It has been construed by the courts of New York, both before and since its adoption in this State, not to prohibit a party to a suit, or a person interested in the event thereof, from testifying to a conversation had exclusively been a decedent and a third party, as against the decedent's administrator, provided the interested party so testifying took no part in the conversation, either actually or by acquiescence. Simmons v. Sisson, 26 N. Y. 264; Lobdell v. Lobdell, 36 N. Y. 327, text 333; Cary v. White, 59 N. Y. 336; Hildebrant v. Crawford, 65 N. Y. 107; Holcomb v. Holcomb, 95 N. Y. 316, text 325. See. also, 29 A. & E. Ency. Law (1st ed.) p. 722 *et seq.* It nowhere appears that the witness Carter participated in any manner in the communication or transaction between J. T. Carter and E. J. Baker concerning which he testified, and it does not appear, therefore, that his evi-

dence as to that transaction was inadmissible as against the defendant below.

If we eliminate the testimony of the sworn account, held to have been improperly admitted in evidence, the verdict rendered by the jury can not be sustained on the showing before us. It can not support a verdict for plaintiff upon the special count under any view that may be taken. It shows affirmatively that the transaction out of which the claim of plaintiff's assignor arose was a contract between him and Baker whereby the former was to survey and locate certain lots of land and quiet the titles so that the latter could work them for turpentine and saw-mill purposes, and that Carter never performed that contract, so far as quieting the titles was concerned, and neither Baker nor his administrator ever got possession of the lands or worked them. The testimony shows affirmatively that Carter failed to substantially perform the contract proved in evidence, and therefore had no rightful claim thereunder against Baker or his administrator, which could be the basis of a verdict upon the special count. The account stated declared upon and sought to be proved consisted of two items only, the larger for $2,750, the smaller for $125. But the larger item consisted of the alleged sum claimed to be due upon the contract sought to be proved under the special count and it affirmatively appeared from the evidence without contradiction that nothing was due Carter by Baker under that contract. Though the evidence upon the question of account stated was sufficient to prove it, that account in so far as the large item was concerned was proven by uncontradicted evidence to be without foundation, and the only other claim attempted to be proved was the small item of $125 which would not justify a

verdict for the large sum rendered by the jury. Though an account stated be proved yet if it clearly appears that such account or any particular item charged therein is wholly unfounded no recovery can be had for such unfounded claim. Patch v. Lyon, 9 Ad. & El. (N. S.) 147; Gough v. Tindon, 21 Law J. Rep. (N. S.) Exch. 58, S. C. 8 Eng. L. & Eq. Rep. 507; Martyn v. Arnold, 36 Fla. 446, 18 South. Rep. 791.

The judgment will be reversed, and it is so ordered.