HELEN S. SIMMONS, Respondent, v. JOSEPH W. H. HAVENS, Appellant.

When a deed has been duly acknowledged, although there appears to have been a subscribing witness, it is not necessary to call him for the purpose of proving its execution.

In an action of ejectment, plaintiff claimed title under a deed which she alleged had been executed and delivered to her by her mother, who afterward obtained possession thereof and destroyed it, and then deeded the land to defendant, who had full knowledge of the previous conveyance. Plaintiff proved by several witnesses that she had in her possession a deed purporting to convey the premises, to be executed under seal by her mother, and to be acknowledged before L., a justice of the peace; also that such a deed was delivered to her by her mother, and placed by her in her bureau drawer, from which it was subsequently taken by the mother and burned on account of her displeasure at her daughter's marriage. Plaintiff also proved admissions on the part of defendant that the deed in question had been executed at his suggestion, as claimed by plaintiff; that it was acknowledged before L., and that defendant, with full knowledge thereof, subsequently purchased the property, believing the deed did not amount to any thing, as it was not recorded and had been de-

stroyed. *Held,* the evidence was sufficient to justify a finding by the jury that the deed to plaintiff was duly executed, acknowledged and delivered.

S., plaintiff's husband, after having testified as a witness in her behalf, that defendant exhibited the deed to him, testified on cross-examination that he asked her to see the deed. He was then allowed to state on re-direct examination, under objection and exception, that before he asked to see the deed, plaintiff told him she had a deed of the premises. *Held* no error.

Plaintiff's mother died before the trial; plaintiff was allowed to testify that she had the deed in her possession, and that the signature thereto was in the handwriting of her mother. *Held,* that this was not a violation of section 829 of the Code of Civil Procedure; that it did not involve a personal transaction between her and her mother, and so, was competent.

Plaintiff was also allowed to testify to conversations between her mother and defendant, in which it did not appear that she took any part. *Held* no error.

(Argued December 15, 1885 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, entered upon an order made January 25, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Mem. of decision below, 29 Hun, 119.)

The nature of the action and the material facts are stated in the opinion.

*D. Morris* for appellant. The defendant having title duly authenticated by written evidence, and being in possession of the lands in suit thereunder, as matter of law, cannot be ejected unless the plaintiff makes a clear case showing the execution and delivery of a prior deed duly acknowledged. (*Metcalf* v. *Van Benthuysen,* 3 N. Y. 430; *Edwards* v. *Noyes,* 65 id. 127; *McPherson* v. *Rathbone,* 11 Wend. 96; *Jackson* v. *Waldron,* 13 id. 177; *Moon* v. *Livingston,* 28 Barb. 543.) Plaintiff failed to prove the execution, delivery, and contents of the alleged deed. (Phillips' Ev. 468, 469; *Gillis* v. *Smather,* 2 Stark. 460; *Moon* v. *Livingston,* 28 Barb. 543, 560.) Concede the execution of the deed is proven by legitimate testimony, yet it is of no avail to the plaintiff, or effect against the defendant, a purchaser for value. (1 R. S. [2d ed.]

689, § 136; *Chamberlain* v. *Spargur*, 86 N. Y. 603.) The court erred in permitting plaintiff, under an objection and an exception, to testify to the genuineness of her alleged grantor's signature. (Code of Civ. Pro., § 829; *Holcomb* v. *Holcomb*, 95 N. Y. 316; *Sweet* v. *Gaw*, 28 Hun, 432; *Haskel* v. *Benson*, 55 How. 360; *Lewis* v. *Merritt*, 98 N. Y. 206.) A party has a right to an adjudication upon legal evidence. (*Williams* v. *Fitch*, 18 N. Y. 551; *Foote* v. *Beecher*, 78 id. 157.)

*Charles S. Baker* for respondent. A title to lands, duly authenticated by written evidence, will not be set aside on the assumption of a previously lost conveyance, except upon clear proof of existence and execution of the supposed deed; and so much of its contents as will enable the court to determine the character of the instrument. (*Metcalf* v. *Van Benthuysen*, 3 N. Y. 424; *Edwards* v. *Noyes*, 65 id. 125; *Kent* v. *Harcourt*, 33 Barb. 491.) When an instrument is prepared upon a printed form, ordinarily used for such a purpose, by a person accustomed to drafting such instruments, a strong presumption is created that the instrument contains all the requirements to embrace the objects intended. (*McDonald* v. *Winter*, 17 Weekly Dig. 378; *Leland* v. *Cameron*, 31 N. Y. 115; *Manderville* v. *Reynolds*, 68 id. 528.) It is not necessary to call the subscribing witness to a deed in case of its loss or destruction of the instrument. (*Estton* v. *Mitchell*, 26 Mich. 502.) The evidence being sufficient to establish that the deed was acknowledged before a proper officer, it was not necessary to call the subscribing witness. (Laws of 1883, chap. 195, p. 200; *Wood* v. *Chapin*, 13 N. Y. 509.) The general rule that a party cannot, by proof of contradictory statements made by a witness he has voluntarily called, attack his testimony, but is bound by it, does not govern or apply in those cases where, by statute or the rules of the common law, he is compelled to call him, as in the cases of wills, and in other cases where an attesting witness is required. (*Peebles* v. *Case*, 2 Bradf. 226, 242; *Bullard* v. *Pearsall*, 53 N. Y. 230; *Hunter* v. *Wetsell*, 84 id. 549, 556; *Brown* v. *Bellows*, 4

Pick. 187, 189, 194; *Cowden* v. *Reynolds*, 12 S. & R. 281; *Sigfried* v. *Levan*, 6 id. 308, 314; *Conselyea* v. *Walker*, 2 Denio, 117, 123; *Peebles* v. *Case*, 2 Bradf. 226; 2 Greenl. Ev., § 443.) Substantially everything having been proved that was necessary to show that the premises had been conveyed to the plaintiff by an instrument valid to convey the title to the premises, and good against everybody except a subsequent grantee with a properly executed conveyance, it was entirely proper to prove the declarations of the grantee and the defendants to corroborate the existence of the conveyance. (*Kent* v. *Harcourt*, 33 Barb. 491, 495.)

RAPALLO, J. This is an action of ejectment for certain land claimed by the plaintiff to have been conveyed to her by her mother, Jane Haskell, now deceased, in March, 1865, by a deed which is alleged to have been delivered by Jane Haskell to the plaintiff before her marriage to Simmons, but to have been, after its delivery to the plaintiff, wrongfully taken by Jane Haskell from the possession of the plaintiff and destroyed.

The alleged deed was never recorded, and after its alleged destruction Jane Haskell conveyed the same land to Havens, the defendant, who is in possession thereof, but it is claimed that before his purchase he had full notice of the execution of the deed to the plaintiff and of her rights thereunder.

The plaintiff, to maintain the issue on her part, called as a witness her husband, John Simmons, to whom she was married in July, 1865, after the date of the alleged execution of the deed. He testified that before his marriage to the plaintiff, she exhibited to him a deed which purported to have been executed to her by her mother, Jane Haskell; that he read it and it purported to convey the premises in question; that it was dated in March, 1865, and purported to be executed under seal, and to be acknowledged before Edwin Lamport, a justice of the peace, and that there was a subscribing witness to it named Israel H. Arnold. There was evidence of several other witnesses on the part of the plaintiff, to the effect that she had such a deed in her possession and had exhibited it to them.

Her sister gave testimony tending to show that this deed was delivered in her presence by Jane Haskell to the plaintiff; that the plaintiff put it in her bureau drawer and kept it there until, immediately after plaintiff's marriage, it was taken therefrom by Jane Haskell and put in the stove and burned, on account of Jane Haskell's displeasure at the marriage of the plaintiff with Simmons. There was also evidence of admissions of Jane Haskell made before her conveyance to Havens, and while she was still in possession, that she had executed the deed to the plaintiff and had destroyed it for the reason above stated. There was also evidence of a meeting at about the time when the deed in question is said to have been dated, at a place called the Norcott House, at which meeting Jane Haskell, Arnold and Lamport and a Mrs. Van Huysen were present, and that a deed was there made out which Jane Haskell afterward stated to Mrs. Van Huysen was a deed of a farm to the plaintiff, which she had executed because the property came from plaintiff's father; that she was his only child, and he intended she should have it, she, Mrs. Haskell, having other children by a former husband, but that if plaintiff should marry Simmons she should never have any of the property, and she, Jane Haskell, would destroy the deed.

Numerous other witnesses testified to admissions of Havens that the deed in question had been executed by Jane Haskell at his suggestion; that it had been drawn by Arnold (who was accustomed to conveyancing), and that it had been acknowledged by Jane Haskell before Lamport, a justice of the peace, and that he, the defendant, purchased the same property from Jane Haskell with full knowledge of the execution of the deed in question to the plaintiff, but in disregard of it because it did not amount to any thing, having never been recorded and having been destroyed. The plaintiff and her sister, to whom she had exhibited it, testified to the signature of their mother, being in her handwriting, but there was no proof of the handwriting of either Arnold or Lamport, other than the admissions of the defendant. Neither Arnold nor Lamport were called to testify on the part of the plaintiff, and the main

points argued on this appeal on the part of the appellant are, that the evidence of the execution of the deed was inadmissible until Arnold, the subscribing witness, had been first called, and that the complaint should have been dismissed on that ground, and on the ground that the proof of the execution of the deed was insufficient for the reason that there was no proof that it had been attested by a subscribing witness, or acknowledged.

This motion having been denied, the defendant called Lamport and Arnold who both denied, the one that he had taken the acknowledgment, and the other that he had attested the execution of the deed, or of any deed, from Jane Haskell to the plaintiff. They testified that on the occasion of the meeting at the Norcott House, spoken of in the testimony on the part of the plaintiff, a deed was executed by Jane Haskell and was acknowledged before Lamport, but they denied that it was the deed now in question, and stated that it was a deed of different property, and was a deed from Jane Haskell to the defendant, and that that was the only occasion on which the parties ever met at the Norcott House. Arnold testified that he had, at about the same date, at the request of Jane Haskell, drawn a deed to the plaintiff of the property in controversy, but that he had afterward destroyed it before its execution. The defendant also denied having made the admissions attributed to him.

The plaintiff, in rebuttal, called witnesses to contradict Arnold and Lamport, and such witnesses testified to admissions of Lamport, that he had taken the acknowledgement of the deed from Jane Haskell to the plaintiff, and like admissions of Arnold that he had drawn the deed and attested its execution, Arnold and Lamport having been first examined in respect to such admissions and having denied them. The testimony on these points was very conflicting, but the disputed questions of fact were fairly submitted to the jury and must be regarded as settled by their verdict.

We are of opinion that the admissions of Havens, and the other evidence tending to show that the deed had been executed and had been acknowledged before Lamport, who was conceded to have been a justice of the peace, dispensed with the

Opinion of the Court, per RAPALLO, J.

necessity of proof that it had been attested by a subscribing witness, and were sufficient, if credited by the jury, to entitle them to find that it had been duly executed and acknowledged, and that where a deed of land has been duly acknowledged, it is not necessary, for the purpose of proving its execution, to call the subscribing witness, though there appear to have been one.

Some exceptions were taken to rulings on the trial on questions of evidence, which require notice. Simmons, the plaintiff's husband, after having testified, on his direct examination, to the fact that the plaintiff exhibited the deed to him, testified, on his cross-examination, that he asked her to see the deed. On being recalled by the plaintiff he was allowed to state, under objection and exception, that before he asked to see the deed, and in the same conversation, plaintiff told him that she had a deed of the place. This was merely explanatory of his statement on cross-examination that he asked to see the deed, and added nothing to the force of the testimony he had already given that plaintiff had exhibited the deed to him, and that he had read it, and that it described the land in controversy.

Exception was also taken to the plaintiff being allowed to testify that she had the deed in her possession and that the signature was in the handwriting of her mother. She was not asked, and did not state, from whom she received the deed, and her testimony as to the handwriting or the contents of the deed, did not involve a personal transaction between her and her mother. The plaintiff might have received the deed from some third person. She was also allowed to testify to conversations between her mother and the defendant, at which the witness was present, but it does not appear that she took any part in the conversations, and the objection is answered by the case of *Cary* v. *White* (59 N. Y. 336).

All the other exceptions are covered by the views we have already expressed.

The judgment should be affirmed.

All concur, except MILLER, J., not voting.

Judgment affirmed.