Barker, J.
The object of this suit is to set aside and vacate a judgment in a foreclosure action obtained by Smith Kellogg, deceased, against the appellants and others. The plaintiff herein was the mortgagor and owner in fee of the lands embraced in the mortgage, of which Kellogg was the assignee. His personal representatives are now before the court as defendants in the pending action. The judgment is attacked upon the ground of fraud and imposition, alleged to have been practiced upon the appellant and the court by which he suffered, as is alleged, great damage.
Upon the proofs produced and received on the trial in this action, it is not claimed by the appellant that a case was made which entitled him to any relief whatever. The counsel for the appellant contends that certain rulings made by the court excluding evidence were erroneous, and for that reason the judgment should be reversed and a *456 new trial granted. The act of fraud imputed, which it is claimed vitiated the decree in the foreclosure action, was the production by the plaintiff therein and reading in evidence on the trial of a written assignment of the mortgage to the plaintiff, with an unauthorized alteration as to the date of the assignment and the certificate of acknowledgment attached thereto.
None of the rulings to which exceptions were taken by the appellant appeared to be erroneous. A witness was produced by the plaintiff who testified, in substance, that the date of the written assignment appeared to-be changed from the third of January to the third of June,, of the same year, giving the particulars of the alteration, indicating the letters erased and those which had been inserted. This proof tended to establish that at some tune-an alteration had been made of the written assignment of the character mentioned by the witness.
On his cross-examination the witness was asked if all the alterations were apparently in the same handwriting. This question was objected to as immaterial and incompetent, because the witnesses had not been shown to-be competent to speak on the subject. The objection was frivolous. The plaintiff had, by his own examination of the witness on this same subject, endorsed his competency to express an opinion. For the purpose of proving the whole case as set up in the complaint, it was material as well as necessary for the plaintiff to show that Smith Kellogg, the deceased, executed and delivered to him an as- ' signment of a mortgage made by one Charles Howell, as niortgagor, to the said deceased as mortgagee. The answer denied the execution and delivery of the assignment. On the trial, the plaintiff produced a writing, inform an assignment, of the said mortgage, which purported to be executed by the deceased, and in connection therewith, as a witness in his own behalf, testified that he knew the hand writing of the signature to such assignment. He was then asked if he saw the instrument signed. This question was overruled on the defendant’s general objection, that the evidence was incompetent. He was then asked whose signature it was to the assignment. This question was also objected to by the defendant as incompetent, and the objection was sustained and the plaintiff excepted. The plaintiff then stated that he was acquainted with the genuine signature of the deceased. He thereupon offered to prove by himself, that the deceased assigned the mortgage^ to him, and the same was overruled on the defendant’s objection, and the plaintiff again excepted.
We think the rulings were correct for the reason, that the facts he sought to prove by his own evidence, involved *457 a personal transaction between himself and the deceased. Code of Civil Procedure, § 829; Holcomb v. Holcomb, 95 N. Y., 316; Chaffee v. Goddard decided by this court at the present term.
The appellant, in support of his argument that he was a competent witness to prove the signature of the deceased to the assignment, cites the case of Simmons v. Havens (101 N. Y., 427-433), where it was held that it was competent for a grantee in a deed in an action of an ejectment wherein she was the plaintiff, to prove the signature of the grantor to the deed under which she claimed title, was in the grantor’s handwriting, as against the defendants, who claimed title to the premises as heirs at law under the grantor, who was then deceased. In that case it did not appear, nor was the witness asked from whom she received the deed, and it was held that the evidence did not involve a personal transaction between her and her grantors, for she might have received the deed from the hands of some third person. We think the case before us may be readily distinguishable from that, in this; at the time the ruling was made, it did appear hy the record that the assignment as claimed by the plaintiff was made, executed and delivered as the result of, and became part of the personal negotiations and transactions between the witness, the assignee, and the deceased assignor. The allegations in the complaint as to the negotiations for the making of the assignment would seem to be conclusive on that subject. The complaint was before the court, and in ruling upon questions of this character it could properly be referred to for the purpose of ascertaining the validity of the objection made to the competency of the evidence. It is obvious that the objection was sustained upon the ground that it was a violation of the prohibition contained in the said section, although in making the objection the defendant did not specifically mention that as the ground upon which it was based.
Other inquiries had been made of the plaintiff as to dealings between himself and the deceased, and they were overruled by the court on the defendant’s objection, to which no exceptions were taken. The rule is, where evidence is excluded upon a general objection,that the ruling will be upheld upon appeal if any ground in fact existed for the exclusion of the evidence, and the same had been previously disclosed on the trial, and it will be assumed in the absence of any request on the part of the opposing counsel, or the court, to make the objection more definite, that it was understood that the ruling was placed upon the right ground. Tooley v. Bacon, 70 N. Y.., 36.
*458 The relation existing between the witness and the deceased, and the nature and character of the issue to be tried in this action, had been fully disclosed when the ruling excluding the offer was made.
For the same reason, the offer to prove by the plaintiff that he had received a letter from the deceased, relative to the business between himself and Kellogg, was properly excluded.
Neither was it competent to prove by tho plaintiff, if such evidence was material, that he had made payments to Mr. Kellogg, in his lifetime, upon the bond and mortgage.
We have examined all the other rulings made, on the trial, to which no exceptions were taken by the appellant, and we fail to discover any error of a serious character. The case as presented by this record would not justify this court in granting a new trial for error in ruling to which no exception was taken. To justify this court in reversing a judgment for error in ruling not excepted to,- it must appear that injustice has been done to the defeated party upon the merits as established by the proofs. During the progress of the trial objections interposed and overruled should be excepted to, otherwise the court and the opposing party may infer that the ruling is concurred in as correct. It is the uniform practice of this court to adhere to this rule strictly, otherwise it would be misleading to the successful party and subject him to the expense and annoyance of another trial. On a former appeal, reviewing a judgment dismissing the plaintiff’s complaint, for the reason that it did not state a cause of action, it was held, reversing the judgment, that the complaint did state facts entitling the plaintiff to relief in some form.
On the trial now under review the plaintiff, upon the evidence produced, failed to establish a case entitling him to recover damages, or for equitable relief. It is, therefore, unnecessary for. us to consider the state of facts necessary to be maintained by the moving party for the purpose of vacating and setting aside a judgment, because of fraud and imposition practiced by the successful party, to the damage of the defeated party.
Judgment affirmed, with costs.
All concur.