CARLOS E. CHAFFEE, RESPONDENT, *v.* CALISTA GODDARD, AS ADMINISTRATRIX, ETC., OF SETH W. GODDARD, DECEASED, APPELLANT.

*Evidence — when the execution and delivery of a mutual agreement is a personal transaction within the meaning of section 829 of the Code of Civil Procedure.*

This action was brought by one Cochran against the defendant, as administratrix of one Goddard, to recover damages sustained by Cochran by reason of the failure of Goddard to convey the undivided one-half of a farm to the plaintiff, as he had, by a sealed agreement made between the parties, agreed to do. The agreement was not acknowledged by either party, and there was no subscribing witness thereto. Upon the trial, for the purpose of proving the execution and delivery of the agreement, Cochran was called as a witness in his own behalf and stated that he was acquainted with Goddard. His counsel then placed in his hands the alleged agreement and asked him if he executed the same, to which question he was allowed, against the objection and exception of the defendant's counsel, to answer that it was his signature.

*Held,* that it was error to allow him so to do.

That as the agreement was one, *inter partes,* which would not be binding upon either, unless executed by both with a mutual understanding that upon placing their signatures thereto it should be considered a complete agreement, binding and operating upon both parties, its execution and delivery was a mutual transaction between the parties, as to which the plaintiff was incompetent to testify.

*Simmons* v. *Havens* (101 N. Y., 427, 433) distinguished.

APPEAL from an interlocutory judgment entered upon the decision of the court at the Erie Special Term.

The original plaintiff was Byron Cochran, who died since the entry of judgment, and the respondent has been substituted as his personal representative. The action was founded upon the covenants of Seth W. Goddard, deceased, as contained in an agreement between himself and Byron Cochran, deceased, the 5th day of August, 1853, by the terms of which Goddard, in consideration of the sum of five dollars and certain covenants entered into on the part of Cochran, agreed to convey to him by a good and sufficient warranty deed the one undivided half of a farm containing two hundred acres of land subject to a mortgage referred to and described in the agreement. The Special Term found that Cochran fully performed the covenants and agreements on his part, and that

said bond and mortgage was fully paid and discharged. Goddard, in his lifetime, sold and conveyed the property to a third party and received the pay therefor, and up to that time enjoyed the rents and profits of the farm. By the interlocutory judgment, the defendant was required to account before a referee for one-half the moneys received on the sale of the farm, and to render an account as to the rents and profits derived from the land, and the amount of taxes paid by him.

*Sprague, Morey & Sprague*, for the appellant.

*Day & Romer*, for the respondent.

BARKER, J. :

The agreement upon which the action was founded is under seal and purports to be executed by both of the parties thereto. It was not acknowledged before any officer by either party, and there was no subscribing witness thereto. This alleged agreement is fully set forth in the complaint, and the defendant in her answer denies the execution and delivery of the same, and the record title to the property was admitted to be, at the date of the instrument, in the deceased, Seth W. Goddard. On the trial, for the purpose of proving the execution and delivery of the instrument, the original plaintiff, Byron Cochran, was examined as a witness in his own behalf. After stating that he was acquainted with Mr. Goddard, his counsel placed in his hands the alleged agreement, and he was then asked if he executed the same. The defendant objected to the question, that it was not competent for him to prove the execution of the agreements on his part, as it involved a personal transaction or communication between the witness and Mr. Goddard, the other party to the instrument, and he was incompetent to testify on that subject, by the provisions of section 829, Code of Civil Procedure. The objection was overruled and the defendant excepted, and the witness answered that it was his signature. He was then asked if he knew the handwriting of Seth W. Goddard. This was objected to by the defendant's counsel, without stating the grounds upon which it was made, and it does not appear that the court made any ruling thereon, or that any exception was taken, but the witness answered the question that it was the genuine signature of Seth

W. Goddard. By another witness the signature of Goddard was proved. The contract was then received and read in evidence.

The question is thus presented whether the plaintiff, as surviving party to the alleged contract, was a competent witness to prove its execution on his part. The appellant claims that his evidence proving the execution of the contract, related to a personal transaction as a communication between himself and the deceased party thereto. The agreement being one *inter partes*, it would not be binding upon either, unless executed by both with a mutual understanding, that upon placing their signatures thereto, that it should be considered a complete agreement binding and operative on both as parties. The law implies, the contrary not appearing, that the parties thereto both signed the agreement at the same time and in the face of each other. Without personal negotiations, mutual in their character, no agreement could have been made and concluded between the parties. The written instrument is the record and the only legitimate proof of the oral contract. It seems plain, beyond all rational argument, that the execution and delivery of the instrument was a mutual transaction between the parties. The defendant's answer put in issue the execution and delivery of the agreement and it was essential for the plaintiff to prove, in order to sustain a recovery, that he did, on his part, execute the contract at a time and under such circumstances so as to give it the character of mutuality. It may be true that the agreement bears the genuine signature of the plaintiff as well as that of the defendant, but it might also be true, as a matter of fact, that the plaintiff's signature was written by him long after the deceased subscribed the same, or even after his death. Proving the plaintiff's signature, as the execution of the agreement on his part, was not evidence proving an extrinsic and isolated and independent fact, separate and distinct from the transaction which gave validity to the agreement.

Parties to actions are competent witnesses in their own behalf, upon all issues involved in the controversy, except in the cases enumerated in section 829. That section provides that a person interested in the event of the action shall not be a witness, in his own behalf, against the executor or administrator or survivor of a deceased party, concerning a personal transaction or communication between the witness and the deceased person. Any transaction

between the witness and a deceased person in which the witness in any manner participated and all communications between the person deceased and the witness, if he in any way was a party thereto, are within the rule of the statute which disqualifies the witness from testifying in relation thereto. The object and purpose of the statute is plain and clear, and has been stated in many of the reported cases and applies to all cases where the deceased party, if living, could contradict, explain or qualify the evidence as proposed to be given by the survivor as a witness in his own behalf.

In *Holcomb* v. *Holcomb* (95 N. Y., 316) the court, in remarking upon the provisions of the section, stated : " The words of exclusion are as comprehensive as language can express. Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. The statute is a beneficial one and ought not to bo limited or narrowed by construction."

It would seem to be obvious that the plaintiff's evidence proving the execution of the contract on his part involved an interview between himself and the deceased. This conclusion seems to be sustained by the decisions of the courts in many cases not unlike in principle from the one before us.

In *Garvey* v. *Owens* (37 Hun, 498) the action was founded upon an agreement in writing between John and James Garvey relative to a piece of land of which James had the title, and by which he had agreed to convey the same to the plaintiff, who was the son of John Garvey. James Garvey having died, the plaintiff commenced an action against the heirs-at-law of James Garvey to enforce the agreement. To prove the execution of the agreement John was called as a witness, and the court held that the proof of the signatures to the instrument by John Garvey related to a personal transaction between them, and was, in effect, a statement that the instrument was the embodiment of an agreement made between them, and for that reason he was an incompetent witness.

In *Pease* v. *Barnett* (30 Hun, 525) the action was brought by the plaintiff upon a bond given to him by Azuba Carpenter, a married woman. She being dead the action was brought against her execu-

tor, and it was defended upon the ground that the bond was, after its execution, altered by the insertion of a clause, making the same in terms bind 'he separate estate of Azuba, the deceased. Upon the trial the palintiff was called as a witness in his own behalf and testified that he was not present when the bond was signed, but that he saw it in the hands of his attorney after it was drawn and shortly before its execution, and then it contained the clause in question as it appeared upon the bond, and it was held that the evidence was incompetent for the reason that it related to a personal transaction with the deceased, the court remarking that if the deceased obligee had been living at the time of the trial she might have contradicted the plaintiff on that point by a statement that the clause in dispute was not inserted when she executed the agreement.

In *Milligan* v. *Robinson* (16 N. Y. Weekly Dig., 96) it was held that the surviving party to an agreement was not a competent witness to prove its delivery by the deceased party in an action against the latter's personal representatives. (See, also, *Resseguie* v. *Mason*, 58 Barb., 89 ; *Denham* v. *Jayne*, 3 Hun, 614.)

In *Pinney* v. *Orth* (88 N. Y., 447) the question under consideration was whether the fact testified to by the surviving party to a contract related to a transaction between himself and a deceased party thereto, and the court remarked that the language of the prohibition is sufficiently broad to prohibit the survivor from testifying that any particular communication or transaction did or did not take place personally between himself and the deceased, but did not preclude the survivor from testifying to any independent or extraneous facts or circumstances which tended to prove that there was never any transaction or conversation between the parties of the character relied upon by the representatives of the deceased party, as, for instance, that the survivor at the time was absent from the country where the transaction is said to have occurred, or that he was not at the place where it was claimed that the conversation took place, so long as he refrained from testifying to anything that was or was not said or done between himself and the deceased.

The case of *Simmons* v. *Havens* (101 N. Y., 427, 433) does not, in our opinion, sustain the rulings. In that case the plaintiff was the grantee in a deed, and in an action of ejectment against the heirs of the grantor, who claimed title under him, the plaintiff was

permitted to prove that the grantor's signature was genuine. It did not appear that the grantee received the deed from the hands of the grantor, and it was held that her evidence did not necessarily involve a personal transaction with the deceased grantor, as the grantee might have received the deed from the hands of a third person. The deed, if delivered, would be effective to convey the title to lands, although the parties thereto never had any negotiations concerning the execution and delivery of the deed. In the case before us it was incumbent on the part of the plaintiff to establish the mutuality of the agreement and its delivery. It is a contract containing mutual and reciprocal covenants, and the writing is the record of their previous oral negotiations.

If the plaintiff's evidence was pertinent and material for any purpose in this case it was to establish that he executed the agreement at the same time that it was executed by the deceased, and that they then and there mutually understood that the instrument was made complete as to its execution and became binding upon both parties.

As there must be a new trial for error in receiving the evidence of the plaintiff, we do not deem it profitable now to discuss the other questions argued by the learned counsel for the appellant.

The judgment should be reversed, new trial granted, with costs to abide the event.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.