Dykman, J.
(dissenting)—This action was brought upon two promissory notes, but the complaint was dismissed as *866 to the first cause of action stated in the complaint, and there is no appeal by the plaintiff. There was an endorsement of a payment upon the second note to save it from the operation of the statute of limitations, and the plaintiff was permitted to testify to the endorsement and signature of the note. The action was against an executor, and he objected to that testimony as involving a personal transaction between the witness and the deceased.
The proof made by the testimony of the plaintiff does not necessarily imply a personal transaction with the deceased maker of the note, because it may be true without the involution of any personal interview or communication, and its admission was not erroneous. Simons v. Havens, 101 N. Y., 427.
Besides that there was testimony given on the part of the plaintiff by another witness which tended to prove the execution of the note and the delivery of the payment, and the verdict may well stand upon the proof.
The plaintiff gave the deceased man a receipt for $1,700, including all accounts in full except the year 1879, and that bore date April 6, 1878, the same date as the endorsement of the sixty dollars upon the note in question for interest.
The proof of that receipt raised a presumption in favor of the defense which the plaintiff endeavored to overthrow by proof tending to establish a recognition of the note by the deceased as outstanding paper subsequent to the date of the receipt.
All the proof was submitted to the jury with proper instruction, and the finding was in favor of the plaintiff.
The verdict is well sustained by, the testimony, and we find no error either on the trial or in the charge.
The judgment should be affirmed, with costs.