NATHAN CRAWFORD, as Administrator, etc., of HANNAH CRAWFORD, Deceased, Appellant, *v.* MARY E. HAINES, Respondent.

*Evidence — when a plaintiff may testify as to a transaction between the deceased and the defendant — Code of Civil Procedure, sec.* 829.

Upon the trial of this action, brought to recover of the defendant money alleged to belong to the plaintiff's intestate, it was proved that one Covenhoven, who owed the intestate $485, paid the money to the intestate, at her house, by laying the same upon a table before her, in the presence of both plaintiff and defendant. The plaintiff was called as a witness in his own behalf, and was asked: " Can you state whether after that payment was made by Covenhoven, Mary, the defendant, made any disposition of that money, and if so, what?" and his counsel stated that the purpose of the question was to prove that the defendant took the money and put it in her bed-room.

*Held,* that the court erred in refusing to allow the witness to answer, as it did not appear that the transaction as to which the witness was to testify was a transaction between her (the plaintiff) and the deceased person, but was in fact one between the defendant and the deceased.

*Simmons* v. *Havens* (101 N. Y., 427); *Cary* v. *White* (59 id., 336) followed; *Holcomb* v. *Holcomb* (95 N. Y., 316) distinguished.

APPEAL from a judgment in favor of the defendant, entered in Albany county, upon the report of a referee.

The plaintiff, among other things, sought to recover of defendant $485, which the complaint alleged belonged to his intestate, and which, coming into the possession of the defendant, she converted to her own use. The referee found that no demand had been made of the defendant before action brought and reported in favor of the defendant. The only question urged upon the appeal is stated in the opinion.

*N. P. Hinman,* for the appellant.

*J. H. Clute,* for the respondent.

LANDON, J. :

The intestate, Hannah Crawford, was the mother of these parties. The defendant resided with her. One Covenhoven, owed the intestate $485, and paid her the money at her house by laying the same upon a table before her in the presence of both plaintiff and

defendant  These facts having been testified to upon the trial, the plaintiff, upon direct examination, as a witness in his own behalf was asked, " can you state whether, after that payment was made by Covenhoven, Mary, the defendant made any disposition of that money, and if so, what? His counsel stated that the purpose of the question was to prove that the defendant took the money and put it in her bed-room. The defendant objected, that what was done there must have been done by the consent and direction of the intestate, and that the plaintiff is incompetent under section 829, Code of Civil Procedure  The objection was sustained, and the plaintiff excepted. We think this was error. If the defendant took the money and put it in her bed-room this may have been a transaction between the defendant and the deceased, but the case does not show that it was a transaction between the witness and the deceased. As the case stood he was merely a passive and non-participating witness of the transaction, and therefore not within the exclusion of this section of the Code. (*Simmons* v *Havens*, 101 N. Y., 427; *Cary* v. *White*, 59 id., 336 )

We are referred to *Holcomb* v. *Holcomb* (95 N Y., 316), as authority for the ruling. The court there says, that any transaction with the deceased, in which the witness in any manner participated is excluded. There is no evidence here that the witness did in any manner participate. The sole evidence given upon this subject was, that he also was present when the money was paid by Covenhoven. The testimony called for, relates to the action of the defendant. It is possible that plaintiff's further examination would have shown his participation, but we do not know. As it was, his testimony was competent, and for aught we know, might have established the conversion, the failure to prove which, defeated the plaintiff.

The judgment must be reversed, the reference discharged, a new trial granted; costs to abide the event.

LEARNED, P. J., MAYHAM, J., concurred.

Judgment reversed, referee discharged and new trial granted; costs to abide event.