MARKEY v. SUPREME COUNCIL, CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, First Department.　March 7, 1902.)

BENEFIT SOCIETIES—BENEFICIARIES—DESIGNATION—ULTRA VIRES.

Though the act of a beneficial society in making a certificate issued on the life of plaintiff's decedent payable to his brother may have been without authority under its constitution, the society alone, and not the administratrix of the insured, could take advantage of such fact, inasmuch as she had no certificate at all, and came into court without the basis of any claim whatever.

Appeal from special term, New York county.

Action by Fannie Markey, administratrix, against the Supreme Council, Catholic Benevolent Legion, to recover for insurance on the life of plaintiff's decedent.　From a judgment sustaining a demurrer to the complaint, plaintiff appeals.　Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Charles Haldane, for appellant.
Edwin C. Low, for respondent.

PER CURIAM.　If it be true, as urged by the appellant, that the defendant had no authority, under its constitution, to make the certificate issued upon the life of Joseph P. Markey payable to the brother, Edward J. Markey, it does not follow that the plaintiff can, by reason of that fact, recover the amount stated in the certificate. If the defendant's act in issuing the certificate was ultra vires, the plaintiff cannot take advantage of it, inasmuch as she has no certificate at all, and comes into court without the basis of any claim whatever. Luhrs v. Supreme Lodge (Sup.) 7 N. Y. Supp. 487.　But the precise question here presented was determined adversely to the plaintiff's contention in Maguire v. Maguire, 59 App. Div. 143, 69 N. Y. Supp. 61, and therefore upon that authority this judgment must be affirmed.

Judgment affirmed, with costs.

---

HOAG v. WRIGHT et al.

(Supreme Court, Appellate Division, Second Department.　March 7, 1902.)

1. ACTION AGAINST EXECUTOR—TRANSACTION WITH DECEDENT—WITNESSES—COMPETENCY.

In an action against executors to recover on a note made by decedent, evidence by plaintiff that he was familiar with decedent's handwriting, and that the signatures to the notes were those of decedent, is not inadmissible, under Code Civ. Proc. § 829, providing that a person interested in the event shall not testify in his own behalf against an executor concerning a personal transaction between witness and deceased.

2. SAME—EVIDENCE.

In an action against executors to recover on notes the genuineness and consideration for which were questioned, decedent's will was not admissible in evidence.

3. SAME—HANDWRITING EXPERTS—COMPARISON OF SIGNATURES.

Where the genuineness of notes sued on was questioned, experts on handwriting, who were witnesses for plaintiff, could not be asked on

cross-examination as to whether they had not testified on a former trial as to the genuineness of signatures to certain papers which in fact were spurious, where such papers were not involved in such first case, and were erroneously admitted therein.

Appeal from trial term, Westchester county.

Action by James H. Hoag against Edward Wright and another, as executors of the will of Hester Hoag, deceased. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James M. Hunt, for appellants.
Isaac N. Mills, for respondent.

GOODRICH, P. J. This action has been tried before a jury five times. The first trial resulted in a verdict for the defendants, which we reversed for error in the admission of evidence. 34 App. Div. 260, 54 N. Y. Supp. 658. The second trial resulted in a verdict for the plaintiff, which the sitting justice (Mr. Justice JENKS) set aside for error in the rejection of evidence. In the two following trials the juries disagreed. At the last trial the jury found a verdict for the plaintiff, and the defendants appeal.

The action was brought against the executors of the will of Hester Hoag, who died in February, 1895, to recover the amount of two promissory notes which the plaintiff alleged were made by Hester Hoag, his mother, to his order,—one for $2,000, dated October 16, 1890, and the other for $4,000, dated November 13, 1894. The defendants alleged that the notes were forgeries, and, if genuine, had been given without any consideration. On the question of forgery there was much contradictory evidence. The plaintiff's wife testified that Mrs. Hoag, about two weeks before her death, put the two notes in an envelope and told her to give them to the plaintiff, which she immediately did. The plaintiff testified to the receipt of the notes and envelope from his wife, and that he put them into his desk, where they remained till after his mother's death. Both husband and wife testified to their belief in the genuineness of the signatures. There was also evidence of bankers and experts that in their opinion the signatures of the notes were genuine. Comparison was made of the signatures in question with others admitted to be genuine, and handwriting experts testified that in their opinion the signatures were made by Mrs. Hoag, pointing out their reasons for such opinion. The defendants produced other witnesses of the same kind as those produced by the plaintiff, and they testified that in their opinion the signatures were not made by Mrs. Hoag. These handwriting experts gave the reasons for their opinion that the signatures were not the signatures of Mrs. Hoag. The consideration of the notes was also the subject of much conflicting testimony. The learned justice (Mr. Wilmot M. Smith) who presided at the trial submitted both questions to the jury, in a charge so fair and impartial that no exception was taken thereto. On both questions the verdict was in favor of the plaintiff,

and, after careful examination of the record and the briefs, we cannot discover any such preponderance of evidence in favor of the defendants on either question as to require us to set the verdict aside.

None of the defendants' exceptions to the rulings of the court in the admission and rejection of evidence is tenable.

The plaintiff was permitted to testify that he was familiar with his mother's handwriting. To this no objection was made. He then testified, over the defendants' exception, that the signatures to the notes were those of his deceased mother. Simmons v. Havens, 101 N. Y. 427, 5 N. E. 73, is authority for the proposition that such testimony is not a violation of section 829 of the Code of Civil Procedure, as it did not involve a personal transaction between the plaintiff and his mother.

Defendants offered in evidence the will of Mrs. Hoag, but it is clear that it related only to collateral facts, and was properly excluded.

The exception which the learned counsel of the defendants most seriously urged and elaborately argued before us grew out of his endeavor to introduce, upon his cross-examination of plaintiff's handwriting expert witnesses, the testimony which they gave in a former trial as to two spurious signatures of Mrs. Hoag. Mr. Read, one of the plaintiff's expert witnesses, was a witness on such former trial. Defendants' counsel on the last trial asked him, on cross-examination, and over the objection of plaintiff's counsel, whether on the former trial he had not been shown two papers, and had testified that the signatures of Hester Hoag thereto were written by the same hand that wrote the words "Hester Hoag" on the back of certain checks which were in evidence for the purposes of comparison of the signatures of the notes in suit with the signatures on the backs of such checks. These two papers were the same that had been presented to the witness at the previous trial, and it is stated in the appellants' brief that the signatures were spurious. The witness testified that he had so testified on the former trial, and he added that he was of the same opinion still, though he had heard it said that they were not the signatures of Mrs. Hoag. When the same question was afterwards addressed to Mr. Smith, another expert witness, objection was made and sustained. Thereupon the court also struck out the testimony of Mr. Read upon that subject. It was not competent to introduce the evidence on the original trial. In People v. Murphy, 135 N. Y. 450, 32 N. E. 138, certain letters were introduced in evidence by the prosecution, and, for the purpose of showing that they were written by the defendant, a number of genuine specimens of his handwriting were put in evidence, and experts were called, who, after comparison of the letters with such specimens, testified that they were written by the same hand. The defendant, for the purpose of testing the accuracy of the witnesses' judgment, submitted different specimens of handwriting to said witnesses, who, after comparing them with the letters put in evidence by the people, testified that some of them were written by the same person who wrote the letters. Defendant then offered to prove that the specimens so submitted were spurious, and the evidence was excluded. The court held that there was no error; that it was collateral matter, and defendant was bound by the answers of the witness. It

would seem to follow in the case at bar that, as the testimony inquired about was originally inadmissible on the former trial, it was not competent to permit the introduction of proof of such former testimony on the subject. The court properly excluded the testimony and the spurious papers, and we find no error in the ruling. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except JENKS, J., taking no part.