### DETERMINED IN THE

# SECOND DEPARTMENT

### IN THE

## APPELLATE DIVISION,

## March, 1902.

JAMES H. HOAG, Respondent, v. EDWARD WRIGHT and MONTROSE CHURCHILL, as Executors, etc., of HESTER HOAG, Deceased, Appellants.

| 69 | 381 |
| r174 NY | 36 |
| 69 | 381 |
| a174 NY | 36 |

*Handwriting — testimony as to, does not involve a personal transaction — what matter is collateral and the party is bound by the witness' answer.*

In an action to recover upon promissory notes, purporting to be signed by the defendants' testatrix, which the defendants contended were forgeries, evidence given by the plaintiff, who testified that he was familiar with the decedent's handwriting, to the effect that the signatures to the notes were those of the testatrix, does not involve a personal transaction between the plaintiff and the testatrix and is not inadmissible under section 829 of the Code of Civil Procedure.

The defendants are not entitled, on the cross-examination of one of the plaintiff's handwriting experts, to ask the witness whether on the former trial of the case he had not been shown two papers and had testified that the alleged signatures of the testatrix thereto (which the defendants contended were spurious) had been written by the same person who wrote the testatrix's signature on the backs of certain checks which were in evidence for the purpose of comparing the signatures on the backs thereof with the signatures to the notes in suit. Such testimony, accompanied with proof that the alleged signatures of the testatrix were spurious, would be incompetent on the former trial, the matter being collateral, and the defendants consequently bound by the witness' answer, and, therefore, proof of such testimony on a subsequent trial would be incompetent also.

APPEAL by the defendants, Edward Wright and another, as executors, etc., of Hester Hoag, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the

clerk of the county of Westchester on the 5th day of September, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of June, 1901, denying the defendants' motion for a new trial made upon the minutes.

_James M. Hunt_, for the appellants.

_Isaac N. Mills_ and _Joseph Hover_, for the respondent.

GOODRICH, P. J.:

This action has been tried before a jury five times. The first trial resulted in a verdict for the defendants, which we reversed for error in the admission of evidence (34 App. Div. 260). The second trial resulted in a verdict for the plaintiff, which the sitting justice (Mr. Justice JENKS) set aside for error in the rejection of evidence. In the two following trials the juries disagreed. At the last trial the jury found a verdict for the plaintiff, and the defendants appeal.

The action was brought against the executors of the will of Hester Hoag, who died in February, 1895, to recover the amount of two promissory notes which the plaintiff alleged were made by Hester Hoag, his mother, to his order, one for $2,000, dated October 16, 1890, and the other for $4,000, dated November 13, 1894. The defendants alleged that the notes were forgeries and, if genuine, had been given without any consideration.

On the question of forgery there was much contradictory evidence. The plaintiff's wife testified that Mrs. Hoag about two weeks before her death put the two notes in an envelope and told her to give them to the plaintiff, which she immediately did. The plaintiff testified to the receipt of the notes and envelope from his wife and that he put them into his desk, where they remained till after his mother's death. Both husband and wife testified to their belief in the genuineness of the signatures. There was also evidence of bankers and experts that in their opinion the signatures of the notes were genuine. Comparison was made of the signatures in question with others admitted to be genuine, and handwriting experts testified that in their opinion the signatures were made by Mrs. Hoag, pointing out their reasons for such opinion.

The defendants produced other witnesses of the same kind as

those produced by the plaintiff, and they testified that in their opinion the signatures were not made by Mrs. Hoag. These handwriting experts gave the reasons for their opinion that the signatures were not the signatures of Mrs. Hoag.

The consideration of the notes was also the subject of much conflicting testimony.

The learned justice (Mr. WILMOT M. SMITH) who presided at the trial submitted both questions to the jury in a charge so fair and impartial that no exception was taken thereto. On both questions the verdict was in favor of the plaintiff, and after careful examination of the record and the briefs we cannot discover any such preponderance of evidence in favor of the defendants on either question as to require us to set the verdict aside.

None of the defendants' exceptions to the rulings of the court in the admission and rejection of evidence is tenable.

The plaintiff was permitted to testify that he was familiar with his mother's handwriting. To this no objection was made. He then testified, over the defendants' exception, that the signatures to the notes were those of his deceased mother. *Simmons* v. *Havens* (101 N. Y. 427) is authority for the proposition that such testimony is not a violation of section 829 of the Code of Civil Procedure, as it did not involve a personal transaction between the plaintiff and his mother.

Defendants offered in evidence the will of Mrs. Hoag, but it is clear that it related only to collateral facts, and was properly excluded.

The exception which the learned counsel of the defendants most seriously urged and elaborately argued before us grew out of his endeavor to introduce, upon his cross-examination of plaintiff's handwriting expert witnesses, the testimony which they gave in a former trial as to two spurious signatures of Mrs. Hoag. Mr. Read, one of the plaintiff's expert witnesses, was a witness on such former trial. Defendants' counsel on the last trial asked him, on cross-examination and over the objection of plaintiff's counsel, whether on the former trial he had not been shown two papers and had testified that the signatures of Hester Hoag thereto were written by the same hand that wrote the words " Hester Hoag " on the back of certain checks which were in evidence for the purposes of comparison of the signa-

tures of the notes in suit with the signatures on the backs of such checks. These two papers were the same that had been presented to the witness at the previous trial, and it is stated in the appellants' brief that the signatures were spurious. The witness testified that he had so testified on the former trial, and he added that he was of the same opinion still though he had heard it said that they were not the signatures of Mrs. Hoag.

When the same question was afterward addressed to Mr. Smith, another expert witness, objection was made and sustained. Thereupon the court also struck out the testimony of Mr. Read upon that subject.

It was not competent to introduce the evidence on the original trial. In *People* v. *Murphy* (135 N. Y. 450) certain letters were introduced in evidence by the prosecution, and, for the purpose of showing that they were written by the defendant, a number of genuine specimens of his handwriting were put in evidence and experts were called who, after comparison of the letters with such specimens, testified that they were written by the same hand. The defendant, for the purpose of testing the accuracy of the witnesses' judgment, submitted different specimens of handwriting to said witnesses, who, after comparing them with the letters put in evidence by the People, testified that some of them were written by the same person who wrote the letters. Defendant then offered to prove that the specimens so submitted were spurious, and the evidence was excluded. The court held that there was no error; that it was collateral matter and defendant was bound by the answers of the witness.

It would seem to follow in the case at bar that as the testimony inquired about was originally inadmissible on the former trial it was not competent to permit the introduction of proof of such former testimony on the subject. The court properly excluded the testimony and the spurious papers, and we find no error in the ruling.

The judgment and order should be affirmed.

All concurred, except JENKS, J., taking no part.

Judgment and order affirmed, with costs.