The principal questions involved in this litigation were disposed of on the former appeal. (52 N.Y., 138.) The plaintiff sought to foreclose a mortgage executed to him by one John White, who was dead at the time of the trial. The defendant Jane White claimed under an unrecorded title consisting, as claimed, of a conveyance from the said John White to one John P. White, and one from said John P. White to Jane White, each of which was executed and delivered anterior to the mortgage by John White to the plaintiff. To this suit the administrator and administratrix of John White were made defendants, and upon the trial conceded the right of the plaintiff to recover upon the bond against the estate of John White, except as to the amount due. In respect to the question whether Jane White's title to the land was or was not subject to the lien of the plaintiff's mortgage, the estate had obviously no interest; for Jane White claimed a title anterior and paramount to the mortgage held by the plaintiff. The point in litigation was, whether the plaintiff could make himself out to be a bona fide mortgage for value, so as to defeat the earlier unrecorded title of Jane White. Upon this issue the plaintiff sought to testify as to a conversation between the deceased John White and one Foster, who, it appeared, was the attorney employed by White to draw the mortgage to the plaintiff. The proposed evidence was objected to by the defendant on the ground that under section 399 of the Code the plaintiff could not be permitted to to make the proof. Taking the objection in the form most favorable to the objecting party, it may be said to specify two grounds of objection, the one that Foster was the attorney who drew the papers; the other, that the plaintiff was a participant in the conversation. In respect to the first ground, *Page 339 
its materiality is not perceived. If Foster be regarded as counsel for White and the conversation as relating to a consultation between them, as to which Foster could not be compelled to testify, there is no rule of law forbidding the proof of what passes between attorney or counsel and client, if it can be proved without violating the immunity from examination which attaches to the attorney or counsel. A third person may prove, if he can, what a party says to his counsel, as well as his declarations to any other person, when they are material. Nor does section 399 of the Code alter the matter. That relates only to a personal transaction or communication between the witness and the deceased. Foster being White's counsel, does not transform what is said between them into a personal transaction or communication between White and the plaintiff. Nor would the fact that the plaintiff participated in the conversation alter the matter, so long as what is proposed to be proved is limited to what was neither personal transaction or communication between the witness and deceased. The fact that another person is competent to speak goes far to take the case out of the substantial reason of the statute, and it does not fall within its letter. It is neither personal transaction nor communication between the witness and the party deceased, and these alone cannot be proved by the testimony of a party. Under the existing laws, the rule is that a party is competent as a witness. His exclusion is to be made out by the party alleging his incompetency as to any particular matter. Simmons v. Sisson
(26 N.Y., 277) and Lobdell v. Lobdell (36 id., 333, 334) sustain the views above expressed. It must, we think, be regarded as settled, under the present provision of the Code, that the three hundred and ninety-ninth section does not preclude a party from testifying to the statements of a person deceased, made to a third person in the hearing of the witness.
It is suggested that the declarations of White were not, as mere declarations, admissible in evidence against the defendant Jane White. To this we are compelled to answer that *Page 340 
neither the objection nor the exclusion of the proposed evidence was put upon that ground, but distinctly upon the force of the three hundred and ninety-ninth section. If that objection had been made, as it was possible by evidence to have supplied the defect and shown that, under the real circumstances of the case, the title of the defendant Jane White was properly to be affected by the facts, in proof of which the declarations were offered, we must assume that such evidence would have been produced. By particularizing the objection, the other party may have been, and must be presumed to have been, thrown off his guard, and the objecting party must stand upon the ground taken at the trial. This principle should always be applied when the defect is not so radical as to be incapable of being remedied. But if it should be conceded, for the sake of the argument, that what was sought to be proved by the plaintiff was a transaction between the plaintiff and the deceased, which showed or tended to show that the plaintiff was a mortgagee for value in good faith, I should still be of opinion that the evidence was competent. It is not, in my opinion, enough that the party against whom such evidence is offered, is in some sense an assignee of the person deceased, by being the owner of property derived by him mediately or immediately from the deceased person at some time more or less remote. If, for instance, the land conveyed to the defendant Jane White had come to her years before, by various transfers through many hands, but all transferring a title which at an earlier period had belonged to the party deceased, it would not, as it seems to me, constitute her assignee in the sense of this statute. The various phrases employed in the statute to express the relation to the deceased, which precludes testimony from the opposite party, as to personal transactions or communications with the deceased, indicate that the ruling idea is that of succession in interest to the deceased. It is against his executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor, that evidence of his personal transactions and communications with the other *Page 341 
party cannot be proved by such party. The party standing in each of these relations, is considered as representing an interest which the deceased had, or is claimed to have had at the time of the transaction or communication sought to be proved, which interest was subsequently devolved on such party. When, therefore, the interest of such party is not in this sense derived from the deceased, but was vested in the party by title superior to and exclusive of the deceased person at the time of the transaction proposed to be proved, he ought not to be regarded as occupying either of the relations which the statute protects, although in some literal sense he may stand in such relation. The mere fact that he is executor or heir at law, if he does not claim as such, will not bring him within the protection of the statute. To be entitled to that, he must be a party as executor, or heir, or in some other of the specified relations. In this case Jane White had a perfect title against her husband at the time of the transaction sought to be proved. She had omitted to record her title deeds, and, therefore, a bona fide
mortgage by her husband as a former owner, would, if recorded, be by force of the recording statutes a lien superior to her title. But this does not place her in the position of being the holder of such a derivative right as is protected by the statute.
The exclusion of this testimony was an error for which a new trial was properly granted. The order must, therefore, be affirmed, and judgment absolute must be rendered against the appellant.
GROVER, J., concurs; FOLGER and ANDREWS, JJ., concur in result; CHURCH, Ch. J., and ALLEN, J., dissent; RAPALLO, J., not voting.
Order affirmed, and judgment accordingly. *Page 342