LEWIS HEAD, RESPONDENT, *v.* EDWARD H. TEETER, AS EXECUTOR, AND SARAH TEETER, AS EXECUTRIX, ETC., OF SLY TEETER, DECEASED, APPELLANTS.

*Evidence — Code,* § 399.

Although, under section 399 of the Code, a party to an action may testify as to a conversation between the deceased and a third person which he has overheard, so long as such testimony is limited to what was neither a personal transaction nor communication between the witness and the deceased, yet this rule does not prevail when the third person is an agent for, and is acting in the interest of the witness.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

On the 19th day of April, 1873, Lewis Head was the owner of 109 acres of land in the town of Danby, Tompkins county, and Francis Nourse owned a mortgage of $1,180 covering the whole premises. On the 19th day of April, 1873, plaintiff sold to Sly Teeter fifty acres off from said 109 acres, and conveyed the same to him by warranty deed, which contained the following clause: " The party of the second part takes the above described premises subject to a mortgage of $1,180, said mortgage given to George H. Fortner on the 21st day of February, 1867, by Lewis Head." This mortgage was the one owned by Francis Nourse and covered the 109 acres, of which the fifty acres sold to Sly Teeter

formed a portion. Before the deed of the said fifty acres was executed, it was agreed by and between the parties thereto that the consideration should be paid as follows : By the grantee giving his notes for $400, by discharging a claim held by him against Thomas Head for $170, and by paying the mortgage for $1,180 on the 109 acres. This agreement was by parol and was not contained in the deed. Afterwards, and in or about the month of January, 1875, Sly Teeter died. On the 24th day of March, 1875, the whole premises were sold on said mortgage. The fifty acres deeded to Sly Teeter were, by a decree of the court, sold first and separate from the fifty-nine acres, and brought the sum of $700. At the time of said sale, viz., March 24, 1875, there was due on said mortgage $1,180 of principal, and interest thereon from April 1, 1873, being $163.15, and making in all then due for principal and interest $1,343.15.

The referee found that Sly Teeter's executors should pay the whole of the $1,180, and interest from April 1, 1873, and gave judgment accordingly.

*S. D. Halliday*, for the appellants.

*Wm. N. Noble*, for the respondent.

LEARNED, P. J. :

It was substantially conceded on this appeal that the $700 for which the fifty acres were sold on the foreclosure, should have been credited upon this claim, and the recovery should have been rendered accordingly.

But a very important question arises on the matter of evidence. Lewis Head, the plaintiff, sold and conveyed to Sly Teeter, the defendants' testator, fifty acres. The claim in this action is that, as a consideration therefor, Sly Teeter orally agreed with Lewis Head to pay a certain mortgage, which covered these fifty acres and fifty-nine acres more. This action is brought on that agreement. To prove the agreement Lewis Head was called as a witness in his own behalf. He testified (under objection and exception) that there was a conversation in his presence between his father, Thomas Head, and Sly Teeter, now deceased. That Thomas Head said :

" Mr. Teeter takes the fifty acres, and pays the mortgage of $1,180 and interest after April first, until that time you are to pay the interest, and pays the balance by notes. That Thomas Head turned to Teeter and asked him if that was right, and he nodded his head, assenting; that the talk seemed to be addressed to the witness; that Teeter said yes, and nodded his head."

This testimony is claimed to have been inadmissible under section 399 of the Code.

It has been decided that a party may testify to a conversation which he overheard between the deceased and a third person, so long as it is limited to what was neither a personal transaction or communication between the witness and the deceased. (*Cary* v. *White*, 59 N. Y., 336.) But, in the present case, Thomas Head was the agent of the plaintiff. In the matter of this conversation he was acting for the plaintiff.

He addressed the plaintiff, stated the alleged contract, and Teeter assented. This was a transaction between Teeter and the plaintiff. It was the same as if either Teeter or the plaintiff had stated the terms of the bargain, and the other party had assented. In the cases relied upon by the plaintiff the transaction has been between the deceased and some third person, while the party testifying has been a mere hearer of the conversation, and not a party to any transaction thereby shown.

But the present case is very similar to that of *Brague* v. *Lord et al.*, in the Court of Appeals (15 Alb. L. J., 66). The testimony was inadmissible. There must, therefore, be a new trial. I have not thought it necessary to consider the question whether, as the plaintiff has sold the remaining fifty-nine acres, he can recover at all. No opinion is intimated on that question. Judgment reversed; new trial ordered; reference discharged; costs to abide the event

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed; new trial granted; referee discharged, and costs to abide event.