PHILIP KRAUSHAAR, et al., Executors, etc., Respondents, v.
   HENRY L. MEYER, Impleaded, etc., Appellant.

Although a party is not incompetent under section 399 of the old Code to
   testify to an independent conversation between the deceased and a third
   person, yet if he participated in the conversation and it related to a trans-
   action between him and the deceased, he is incompetent.

Accordingly, *held*, where in the course of a business transaction between
   plaintiff's testator and defendant M. the deceased made certain state-
   ments to V., who was engaged in drawing up papers between the parties
   in regard to such transaction, and which statements were in reference to
   it, that M. was incompetent to testify thereto.

Where the amount of an extra allowance is by inadvertence slightly in excess
   of the amount allowed by the Code (sec. 309, old Code), this court will
   not interfere on appeal; the error should be corrected by motion to cor-
   rect the judgment.

(Argued January 17, 1878 ; decided January 29, 1878.)

THIS was an action to foreclose two mortgages executed
by defendant Meyer to Francis H. Kayser, plaintiff's testa-
tor.    The principal questions were disposed of upon the
facts.

Upon the trial defendant Meyer testified to certain state-
ments made by the deceased to one Volkner. Volkner it
appeared was at the time engaged in drawing papers between
the parties in reference to a business transaction between
Meyer and the witness, growing out of the mortgages and
the debts they were given to secure ; the statements were
made in reference to the transaction.   Plaintiff's counsel
moved to strike out the evidence as incompetent under sec-
tion 399 of the Code.   The motion was granted.   *Held*, no
error ; the court stating the rule as above, citing *Brague* v.
*Lord* (67 N. Y., 495).

An extra allowance of $100 was granted ; this was slightly
in excess of two and one-half per cent on the amount found
due on the mortgages as allowed by section 309 of the Code.
*Held*, that the excess was so small it must have arisen from
inadvertence and did not require any interference here; that
it should have been corrected by motion to correct the judg-
ment.

*Frank Crooke* for appellant.

*Wm. D. Veeder* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.