GEORGE KALE, APPELLANT, v. JOHN ELLIOTT, SURVIVOR, ETC., OF ROBERT H. HUME, RESPONDENT.

*Section 829 of the Code of Civil Procedure — when plaintiff may testify as to a conversation with a deceased partner.*

In an action against the surviving partner of a firm, upon a contract made with it, the plaintiff is a competent witness to testify to a personal transaction had with the deceased partner, if the defendant was present at the time of its occurrence.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought upon a contract made by the plaintiff with the firm of Hume & Elliott, which was composed of the defendant and of Robert H. Hume, since deceased. Upon the trial the plaintiff was sworn as a witness in his own behalf, and testified that he had an interview with Elliott, the defendant, and Hume the deceased partner. The plaintiff's counsel then offered to give in evidence the conversation between Hume and Elliott and the plaintiff, which evidence was objected to, on the ground that the witness was incompetent under section 829 of the Code of Civil Procedure, and the evidence was excluded, and plaintiff's counsel excepted. The plaintiff's counsel then offered to give in evidence merely what was said and done on the same occasion between the defendant and the plaintiff. This evidence was also excluded for the same reason.

*E. Countryman*, for the appellant.

*Henry Smith*, for the respondent.

BOARDMAN, J.:

In *Comstock* v. *Hier* (7 N. Y. W'kly Dig., 300), the Court of Appeals, by ALLEN, J., hold according to the head note, as follows: The death of one of the partners in a firm, with which plaintiff has made an arrangement, does not render the plaintiff an incompetent witness to prove the transaction, so long as the other partner who

was present at the interview is living. This is the latest decision of the Court of Appeals upon this subject to which our attention has been called. As it meets all the facts in the present case, we must be guided by its authority. There has been some misapprehension of the decisions, which has led to the erroneous ruling of the learned referee on the trial. The case cited has been since made public and makes clear the law applicable to this case.

In *Kraushaar* v. *Meyer* (6 W'kly Dig., 117), it was held, EARL, J., that the declarations of a deceased person, made to a third party in a conversation in which the defendant took part, are inadmissible in an action brought by the executor of such deceased person.

*Cary* v. *White* (59 N. Y., 336) holds that section 399 of the Code does not preclude a party from testifying to statements made by a deceased person to a third party, even where the witness took part in the conversation, so long as the testimony is limited to what was not personal between him and the deceased.

In *Brague* v. *Lord* (67 N. Y., 495), the plaintiff was allowed to testify to conversations between defendant's testator and one Barron, which plaintiff, being present overheard, and to some extent took part in. The Court of Appeals, RAPALLO, J., held the exceptions to the ruling of the court admitting this evidence to be well taken.

Without following past decisions further, we have gone far enough to see how easily the referee was led to the erroneous ruling made by him in rejecting the evidence of plaintiff of conversations between him and Elliott when Hume, the deceased partner of Elliott, was present. For this error the judgment must be reversed.

It is not necessary to consider the propriety of the nonsuit, since upon a new trial the evidence may be quite different from that presented to us now.

The judgment must be reversed, the reference discharged, and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed; new trial granted; reference discharged; costs to abide event.