STEPHEN SWEET, as Survivor of SWEET & FINNEGAN, Respondent, v. ALEXANDER TAYLOR, Appellant.

*Partnership — right of a surviving partner to recover firm assets from the executor of a deceased partner.*

The plaintiff and one Finnegan carried on business as partners until the death of the latter. Prior to his death, Finnegan had deposited money belonging to the firm in a bank in his own name. The bank failed and thereafter the amount of the deposit was paid in installments by the receiver to the defendant Finnegan's executor. The defendant, although knowing that the money so deposited belonged to the fund, having refused to pay over the same to the plaintiff, the surviving partner, this action was brought to recover it.

*Held,* that the action could be maintained by the surviving partner for the recovery of the entire amount. (BARNARD, P. J., dissenting.)

APPEAL from a judgment in favor of plaintiff for $304.37, entered upon the report of a referee.

This suit was brought by the plaintiff as survivor of the firm of Sweet & Finnegan, to recover of the defendant Alexander Taylor, $106.86.

The proof showed that the plaintiff and one John Finnegan were partners in the hotel business at Middletown, N. Y., from June 20, 1871, to April 21, 1873; that the partnership was dissolved on the 21st of April, 1873, by the death of Finnegan, leaving the plaintiff the survivor of the firm. At the time of Finnegan's death there was deposited to his individual credit in the Wallkill National Bank, $712.38. The plaintiff claimed and the referee found that though the money stood in the individual name of Finnegan, it was firm assets and belonged to Finnegan & Sweet. The bank became insolvent during Finnegan's lifetime, and the receiver thereafter paid the money to Finnegan's executor in installments from time to time. As Finnegan's executor received these installments, he paid over one-half of each installment to the plaintiff, and this continued until the last installment was paid, to wit, $106.86. No part of this last installment was paid to the plaintiff. The plaintiff now brings this action against Alexander Taylor, individually, to recover this last installment.

*Winfield, Leeds & Morse,* for the appellant.

*Decker & Little,* for the respondent.

Pratt, J.:

The plaintiff as survivor is entitled to the assets of the late firm. If the defendant knowingly received money which belonged to the plaintiff as survivor of Sweet & Finnegan, he received it to plaintiff's use, and cannot in an action shelter himself under his representative capacity. If he could not bind the estate by his contracts, still less can he bind it by conduct very closely resembling a tort. The question, then, is whether the money was shown to be assets of the firm of Sweet & Finnegan. It was so described in the inventory filed by the defendant in discharge of his duty as executor. It appears that defendant has conceded the fact so to be by his previous payments on account.

The witness Bonnell testifies to statements of Finnegan in his lifetime to the same effect. Independent of plaintiff's testimony, it was fully proved that the money in suit belonged to Sweet & Finnegan. It is therefore not very material whether plaintiff's testimony to the conversation between Finnegan and Taylor was properly admitted. *Cary* v. *White* (59 N. Y., 336) seems to sustain the ruling of the referee.

This action was therefore well brought, and plaintiff has proved his cause of action. The fact that defendant as executor of Finnegan has brought an action against this plaintiff for an accounting has no relevancy in this action.

However that may terminate, the judgment appealed from must be affirmed, with costs.

Dykman, J., concurred.

Barnard, P. J. (dissenting):

Assuming that the deposit was of partnership moneys, and Taylor knew of it, the case was simply one in which a partner having the firm moneys died. Sweet could not have maintained an action at law to recover it in his partner's lifetime. The executor was bound to collect the deposit and administer it with the assets of the deceased. The surviving partner, it is true, is entitled to the firm assets as survivor in trust for the creditors. This right would not give an action at law against the executor of the deceased partner. The deceased had a right to the custody of the money, and the money passed to the executor. The surviving partner is

entitled only to such portion of the sum as may be due upon an accounting after the debts are paid.

The judgment should be reversed and a new trial granted at circuit, with costs to abide event.

Judgment affirmed, with costs.