## *In re* BROWN.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

1. WITNESS—CREDIBILITY—TRANSACTIONS WITH DECEDENTS.
   An objection to testimony on the ground that conversations detailed by witnesses as occurring between a decedent and another, and in which such witnesses stated that they took no part, were really transactions between the decedent and the witnesses, and was prearranged so as to evade the statute, is not sufficient to justify the exclusion of such testimony, but goes to the credibility of the witnesses.

2. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
   In a proceeding to establish a claim against a decedent's estate for services rendered in caring for decedent, claimant's father, the refusal to allow claimant to answer the question, "What was the condition of your father's health several years before he died?" was not prejudicial to claimant, as it only bore on the question whether decedent needed the care alleged to have been bestowed by claimant.

Appeal from surrogate's court, Orleans county.

Application by George H. Brown, as administrator of the estate of Isaac C. Brown, deceased, for leave to sell the real estate to pay decedent's debts. From that portion of the surrogate's decree disallowing her claim Mary J. Malay appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John H. White*, for appellant. *Albert C. Burrows*, for respondent.

CORLETT, J. Isaac C. Brown died at Albion, intestate, in March, 1889, leaving real and personal property in that village. In December of the same

year, George H. Brown was appointed administrator of his estate, and letters were issued to him. He filed an inventory, showing personal property to the amount of $28.03, which was afterwards sold for $25.03. The above was all the personal property. The intestate left some debts, which the personal property was not sufficient to pay. The real estate owned by him was worth about $1,000. The intestate left five children, of which the appellant was one. The administrator, in June, 1890, filed a petition for the sale of the real estate to pay debts. On the return-day of the petition, June 23, 1890, the appellant, Mary J. Malay, filed claims against the estate. The first was as follows: "1865. To cash received of the N. Y. C. Railroad, $500.00. Interest from 1865 to be added." The balance was for services in taking care of the deceased and his wife, for which claim she alleged she was to have a deed of the house and lot. A trial was had before the surrogate. Much evidence was taken; some of it conflicting. In October, 1890, the surrogate rejected all the items of the appellant's claim, and made a decree directing a sale of the real estate to pay debts. The surrogate wrote an opinion, in which he states, in substance, after a review of the testimony, that he is not convinced of the truth or justice of the appellant's claim for the railroad money above quoted; and also finds on that subject that no payment was made upon it as claimed by the appellant, and it was therefore barred by the statute of limitations. The rest of the claims are rejected mainly upon the ground that whatever services were rendered were as a daughter, and that the evidence did not warrant a finding of the alleged contract upon which her claim rests. The learned counsel for the appellant insists that the surrogate fell into an error in omitting to consider all the testimony. He then quotes that portion which he claims was overlooked, which consisted of alleged conversations between witnesses and the deceased. The opinion shows that the surrogate did consider the statements made by the deceased, but he declined to find that those statements, with the other evidence, were sufficient to establish the appellant's claim. The case fails to show that the learned surrogate did not consider all the evidence. The learned counsel also contends that the surrogate erred in the admission of the evidence of several witnesses who testified to the effect that they heard a conversation between the deceased and another, in which they took no part. The objection was based upon the ground that such conversations amounted to a personal transaction between the deceased and the witnesses. While it may be true that the testimony of those witnesses was prearranged, so as to escape the statute, and render their testimony admissible, still that aspect of the question bore upon their credibility, and it was the province of the surrogate before whom they were examined to decide what weight should be attached to the evidence. The evidence, within the rule, seems to be admissible. *Cary* v. *White*, 59 N. Y. 336; *Holcomb* v. *Holcomb*, 95 N. Y. 316. Exception was also taken to the refusal to allow the following question to be answered: "What was the condition of your father's health several years before he died?" It is obvious that the evidence, if admitted, would simply have borne upon the question whether her father needed the care which the appellant claims she bestowed. The decision of the surrogate did not turn upon the question of the appellant's rendering the services, but upon the existence of the alleged contract. A son of the deceased was allowed to testify, under objection and exception, that he saw the deceased in Medina on a certain day when it is alleged that money was paid on the railroad claim, which took it out of the statute of limitations. No case has been cited going the length of holding that such testimony is within the prohibitions contained in section 829 of the Code of Civil Procedure. Nothing personal occurred between them. It only bore upon the probability of the making of the alleged $10 payment. But the surrogate's decision is based not only upon the ground that this payment was not proved, but upon the other ground that the proof as a whole failed to establish the existence of

the claim.    It is established that when the evidence is conflicting on questions of fact, the appellate court is not warranted in reversing upon the ground that in its opinion the trial court should have reached a different conclusion.    To justify a reversal it must appear that the proofs so clearly preponderated in favor of a contrary conclusion that it could be said with a reasonable degree of certainty that the trial court erred in its conclusions.    *Baird* v. *Mayor*, *etc.*, 96 N. Y. 567.    The surrogate, who saw the witnesses and heard them testify, was in a much better position to judge of their credibility than the appellate court.    *Roosa* v. *Smith*, 17 Hun, 138.    It follows that the decree of the surrogate must be affirmed.    All concur.