WILLIAM S. O'BRIEN et al., Executors, etc., Respondents, *v.* PETER R. WEILER, as Executor, etc., Appellant.

Under the provision of the Code of Civil Procedure (§ 829) which prohibits a person from, through or under whom a party or person interested in the event of an action derives his interest, "by assignment or otherwise," from testifying in behalf of the party succeeding to his interest, against the representatives of a deceased person, as to any personal transaction or communication between the witness and deceased, the execution of a general release by one of two plaintiffs, the effect of which is to vest the interest released in his co-plaintiff, does not render him a competent witness in behalf of his co-plaintiff, as to such a transaction or communication.

Such a witness, however, is not excluded from testifying to a conversation between the deceased and another in his presence, but in which he took no part.

Reported below, 68 Hun, 64.

(Argued October 27, 1893; decided December 5, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 17, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John D. Townsend* for appellant.    It was error to permit the widow of the testator to testify to conversations which took place between the deceased husband and their deceased daughter, in which she took part, regarding the ownership of the property which is the subject of this action.    (Code of Civ. Pro. § 829 ; *In re Wilson,* 103 N. Y. 374.)    The defendant was entitled to an answer to the following question which was put by him to witness Lahn :    " What is the usual custom if the pass book is returned to the bank when they strike out the name of the party ; is it the usual custom to strike out the name on the books of the bank as well ? "    (*Foote* v. *Beecher,* 78 N. Y. 157.)    The following question put to the defendant by his counsel was admissible :    " After this agreement that has just been read had been signed by both you and Mr. O'Brien, did you have a conversation very shortly after that with the attorney who drew the paper, and as the representative of Mr. O'Brien, as to the very money now under discussion that was in the Citizens' Savings Bank at the time ? "    He answered, " Yes ; " and he was then asked, " What was it ? " This was objected to by plaintiff's counsel, and excluded ; this was error.    (*Platner* v. *Platner,* 78 N. Y. 99.)

*Abram Kling* for respondent.    The defendant's exception, that Freelove E. O'Brien, the widow of the said testator, was precluded from testifying in this action, is untenable.    (*In re Wilson,* 103 N. Y. 374; *Loder* v. *Whelpley,* 111 id. 239.)

MAYNARD, J.    The plaintiffs, as executor and executrix of the will of ·Peter T. O'Brien, deceased, brought this action

against the Citizens' Savings Bank of New York city to
recover the sum of $3,076 standing to the credit of their tes-
tator as guardian of his daughter, Sarah E. O'Brien, upon the
books of the bank, and which was originally deposited in 1871.
Sarah E. O'Brien married the defendant Peter Weiler, and
died intestate, and her husband was appointed the administrator
of her estate; and in that capacity claimed the moneys stand-
ing to the credit of the father as her guardian upon the books.
of the bank. Upon the motion of the bank he was substituted
as defendant in its place and it was directed to hold the
moneys subject to the order of the court when final judgment
should be entered in the action. Weiler was also one of the
executors of the father's will, and having refused to unite with
the plaintiffs in bringing the action, he was also made defend-
ant in that capacity. The real issue litigated was the title to
this fund. By the will of Peter T. O'Brien, the use of his
entire estate, including these moneys, if recovered, was given to
his widow, the plaintiff Freelove E. O'Brien, who is plaintiff
in her capacity of executrix, and after her death the principal
is bequeathed to his son, William S. O'Brien, who, as executor,.
is her co-plaintiff.

Upon the trial it became important to prove by the mother,.
the plaintiff Freelove E. O'Brien, a conversation between the
father and daughter which took place in her presence. After
she had been sworn as a witness the plaintiff put in evidence
a writing executed by her under seal, and entitled in this.
action, in which she recited that whereas she had been pro-
duced as a witness and had been objected to on the ground
that she was interested therein, because under the will of her
husband she was entitled to the whole income of his estate
during her life, and would be entitled to the income upon the
money in litigation in this action, therefore, in consideration
of one dollar to her in hand paid, she thereby released and
discharged the executors of the estate of and from all interest
or claim she might have to the moneys involved in this action,
and to the interest and income thereof. She was then asked
this question, "Do you recollect any interview or conversa-

tion taking place in January, 1881, in reference to any moneys in a savings bank between your husband and your daughter and yourself; if so, state fully what it was," which was objected to on the ground that the witness was incompetent to testify to such a transaction or conversation, she being a party in interest. The objection was overruled, an exception taken, and the witness answered the question. It is plain that whatever interest the witness had in the fund in controversy, was by virtue of this release transferred to her co-plaintiff, who, by the terms of the will, took the entire estate, subject only to the right of the witness to the income during her life. Even if the legal title was vested in the executors, he was one of the executors, but they held the legal title for the beneficiaries under the will, and as he had become the sole beneficiary so far as this fund was concerned, he had both personally and as executor acquired an interest in the subject of the controversy from the witness.

Section 829 of the Code prohibits a person from, through or under whom a party or person interested in the event of an action derives his interest or title by assignment or otherwise, from testifying in behalf of the party succeeding to his title or interest against the representatives of a deceased person as to any personal transaction or communication between the witness and the deceased. William S. O'Brien was both a party to the action and interested in the event of it. He derived his title to the income of this fund by assignment from his mother. She was under examination as a witness against the administrator of the daughter, and the question objected to called for a personal transaction and communication between her and the defendant's intestate. All the conditions, therefore, existed which made the statutory prohibition applicable; the objection was well taken; and if any material injury resulted to the appellant because it was overruled, the exception presents grounds for the reversal of the judgment. The form by which the transfer of interest is accomplished is not important. Its effect alone is to be considered. If a general release is adopted, and it results in

vesting the title to the property released in another person who is a party to the action or interested in its event, the witness is not by the execution of the release rendered competent to testify. If the party in whose behalf the witness is examined, takes " by assignment or otherwise " from the witness, the examination cannot be allowed. The policy of the statute rests upon different grounds from the common-law rule excluding the evidence of interested witnesses. The examination is prohibited in the special cases mentioned, not simply on account of interest, but mainly upon the ground of the enforced silence of the other interested party to the transaction. If living he might give such an account of it as would materially affect the credibility of the surviving actor. It was not deemed fair to permit an interested party to have the benefit of testimony which might appear in a different light, or which might not be given at all, if the examination of the adverse party could be secured.

The restriction was not limited to an interested witness, called in his own behalf, but extends to all cases where it is sought to examine the witness in behalf of a party or person interested in the event, who derives title to the subject-matter of the action by assignment or otherwise from the witness as against the representatives or assignee of a deceased person. If it is claimed that the witness has divested himself of interest, it does not follow that he is thereby rendered competent. The test is to be sought in the legal effect of the instrument by means of which his interest was extinguished. It matters not by what name it is called; if it operates in law to vest in another party to the action, or in a person interested in its event, the title or interest which the witness formerly had, the prohibition remains if it is proposed to use the testimony of the witness in behalf of his successor in interest. The respondent cites *In re Wilson* (103 N. Y. 374), and *Loder* v. *Whelpley* (111 id. 239), but they do not appear to be applicable. They were proceedings for the probate of wills, contested for the want of testamentary capacity. The witnesses offered were legatees under the will, and they executed a general release

and discharge of their legacies. They were not offered as witnesses in behalf of any party to the proceeding or person interested in its event who had succeeded to their interest as legatees, and they were, therefore, held not incompetent to testify with reference to a personal transaction or communication with the testator.

While it must be held that in this case the instrument of release did not obviate the objection to the witness' competency, still it was not reversible error to overrule the objection, unless the witness was in fact examined as to a conversation with the deceased in which she participated. It is not sufficient to require the exclusion of her evidence to show that it related to a transaction between the deceased and another in her presence, but in which she took no part. (*Cary* v. *White*, 59 N. Y. 336 ; *Simmons* v. *Havens*, 101 id. 427.) While the question called for a conversation with herself, the answer stated only an interview between the father and the daughter, of which the witness was a silent auditor. She states that the two came into her room, and the husband said to the daughter that he had taken all her money out of the bank and bought railroad stocks with it. The daughter replied that she was very glad he had done so ; that the money would accumulate faster because of the better rate of interest which would be thus secured. This was the entire conversation, and the witness is not shown to have taken any part in it whatever. She afterwards testified that her daughter subsequently told her that she had received the bonds, but no objection was interposed to this evidence, nor to the subsequent statement that her daughter said she had received the proceeds of the bonds and sent them to California to be invested.

The opinion of the learned judge at special term makes it very clear that no incompetent evidence was received and considered. He there states that it was only the testimony of the mother as to the conversation between the father and the daughter, in which the witness took no part, which he considers competent, and that the question was reserved as to the declarations made by the daughter directly to the witness, and

that he had come to the conclusion that the witness was not competent to testify to these declarations, and that they must be stricken out. It is manifest that the testimony actually received and considered was unobjectionable, and that no sufficient grounds for reversal have been shown.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.