Judicial settlement of the accounts of Flora E. Hartman, as administratrix of Esther F. Hartman, deceased.

Flora E. Hartman, the administratrix, who was a daughter of decedent, presented two claims against the estate. One claim was for services performed under an agreement with decedent, during a period of nearly 14 years prior to her death, amounting to $2,163. The other claim was for services rendered to decedent by Douglas Hartman, claimant's brother, and for disbursements by him, amounting to $2,105.98, which said Douglas Hartman assigned to her. On the hearing, Flora E. Hartman, the claimant, was permitted to testify in her own behalf as to conversations between decedent and Douglas Hartman concerning the claim which he had assigned to her. She testified that she heard the conversations, but did not take any part therein. This testimony was objected to on the ground that it involved personal communications with decedent, in violation of Code Civ. Proc. § 829.

Steele & Prescott, for claimant.
Henderson & Bell, for contestant William Hartman.
E. B. Mitchell, for contestant Eugene Hartman.

SHELDON, S. The referee erred in striking out the testimony of the claimant concerning conversations between the decedent, Esther F. Hartman, and Douglas Hartman, and in excluding other conversa-

tions offered in evidence between the same persons. The witness was a party, and interested in the event; but the offered evidence was not concerning any personal transaction or communication in which the witness had or took any part, in any manner, so far as appeared. The evidence was therefore competent. O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587; Cary v. White, 59 N. Y. 336; Simmons v. Havens, 101 N. Y. 427, 5 N. E. 73.

The question of the allowance of interest is not free from difficulty. It is stated in the briefs of the parties opposing the claim that the claim exhibited does not demand interest. I have not been furnished with such claim, and cannot determine as to the correctness of that statement. Upon the evidence, however, I cannot find support for the allowance of interest upon the claim of Flora E. Hartman for her services. It is difficult to see any material distinction between the facts of this case and the facts in the case of Littell v. Ellison (Sup.) 17 N. Y. Supp. 294, which can aid the claimant. It may be that the facts in this case are less favorable to the requirements which must exist before interest can be allowed than in the Ellison Case. In the Ellison Case there was a breach of contract at the date of the death. In this case the evidence discloses, and the referee has reported, that, if Mrs. Hartman did not sell her property during her lifetime, Flora was to have her pay out of it after her mother's death. The intention was, evidently, that the claim should be paid in the course of administration, as a claim against the estate; and the claim being an unliquidated one, to be adjusted and paid in the course of administration, it will not draw interest.

The statute of limitations is not a bar to the claim of Flora E. Hartman for services, or any part of it; and whether it may be a bar to any portion of the Douglas Hartman claim may better be determined after a rehearing, which will be necessary on account of the error of the referee in striking out the evidence of Flora E. Hartman, as above stated.

Motions denied and rehearing ordered.