JOHN P. HUTTON, Respondent, *v.* ROSANNA SMITH et al., Appellants.

1. APPEAL — SHORT DECISION — EFFECT OF, WHEN JUDGMENT ENTERED THEREON UNANIMOUSLY AFFIRMED BY APPELLATE DIVISION. Where a judgment entered upon a decision of the trial court in the short form is unanimously affirmed by the Appellate Division, the Court of Appeals is concluded thereby and, whatever the views of the court may be, it must assume that facts sufficient to sustain the decision were necessarily found by the trial court.

2. SHORT DECISION — WHEN FINDING THEREIN THAT CAUSE OF ACTION WAS NOT BARRED BY STATUTE OF LIMITATIONS PRECLUDES COURT OF APPEALS FROM DETERMINING WHEN CAUSE OF ACTION DID ARISE. Where an action was brought against the heirs at law of an alleged trustee to impress an alleged irrevocable trust upon lands alleged to have been purchased by the trustee in her own name with moneys belonging to the alleged trust, thereby repudiating such trust, and the decision of the trial court in the short form asserted that the cause of action was not barred by the ten years' Statute of Limitations because it did not begin to run until the death of such trustee, more than twenty years after the purchase of the lands in question, nor until the expiration of eighteen months after her death, such decision necessarily decided that the evidence did not permit a finding of fact that the trustee unequivocally repudiated the trust at the time of the purchase of the real estate; the judgment entered upon such decision having being unanimously affirmed by the Appellate Division, the Court of Appeals is precluded from examining the evidence for the purpose of determining whether such trustee did intend, at the time of the purchase of the land in question, to repudiate the trust.

3. EVIDENCE — ADMISSION OF EVIDENCE INCOMPETENT UNDER SECTION 829 OF CODE OF CIVIL PROCEDURE — WHEN JUDGMENT NEED NOT BE REVERSED FOR SUCH ERROR. While it is error to permit the plain-

tiff, in such action, against objection that his testimony was incompetent under section 829 of the Code of Civil Procedure, to testify to a conversation between the alleged trustee and another in his presence, in which he took no part, and in which the alleged trustee stated in effect that she held certain money in trust for the plaintiff, the judgment need not be reversed for such error where the same fact appears by other evidence on the part of the plaintiff, which is neither explained nor qualified by evidence on the part of the defendants and the case was tried before the court without a jury.

4. Same — Testimony of Plaintiff as to Transactions in Which He Was a Mere Spectator Not Incompetent under Section 829. Testimony of plaintiff that he was with the alleged trustee when she drew moneys out of the savings bank deposited therein in her name as trustee, and went with her to the place where the deed to the premises in question was delivered to her on payment of the consideration therefor, made up in part of moneys drawn from the savings bank, is not incompetent under section 829, since such transactions were not between the alleged trustee and plaintiff, nor was he referred to in the course thereof as interested or otherwise; but instead they were between other parties, and the alleged trustee and plaintiff had no part therein other than a spectator.

*Hutton* v. *Smith*, 74 App. Div. 284, affirmed.

(Argued May 21, 1903; decided June 9, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 6, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. K. Coddington, Warren Leslie* and *Gilbert W. Minor* for appellants. It was material error to admit the testimony of the plaintiff in regard to the conversations between his aunt and uncle and with regard to going with his aunt to the bank and drawing the money, and afterwards to the office where the deed to this property was taken. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Matter of Eysaman*, 113 N. Y. 62; *Matter of Dunham*, 121 N. Y. 475; *Matter of Bernsee*, 141 N. Y. 389; *Leary* v. *Corwin*, 63 App. Div. 151.)

*Michael J. Kelly* and *Samson Lachman* for respondent. The exceptions to the admission of evidence are not well

taken. (*O'Brien* v. *Weiler*, 140 N. Y. 281; *Hamlin* v. *Stevens*, 59 App. Div. 522; *Burns* v. *Mullin*, 42 App. Div. 116.) Even if some errors were committed in the admission or exclusion of testimony, no harm came to the defendants, for plaintiff's case was proved without the testimony objected to, was uncontradicted and unimpeached, and the rejected evidence would not have altered the result. (*St. Laurent* v. *Slater*, 23 App. Div. 70; *Donovan* v. *Clark*, 138 N. Y. 631; *King* v. *Whaley*, 59 Barb. 71; *Pach* v. *Geoffroy*, 67 Hun, 401; *Desbecker* v. *McFarline*, 42 App. Div. 455; *Epps* v. *Harnes*, 88 Hun, 229; *Vandervoort* v. *Gould*, 36 N. Y. 639; *City Bank of Brooklyn* v. *Dearborn*, 20 N. Y. 244; *Bronson* v. *Tuthill*, 3 Keyes, 32.)

PARKER, Ch. J. The judgment in this action adjudges that one Rose Ann Coyle did create an irrevocable trust in favor of plaintiff in certain deposits made in the Union Dime Savings Institution some time prior to May 15th, 1879, on which day she withdrew the deposit, using the identical money in the purchase of lands in her own name; and that plaintiff is entitled to impress a trust upon said lands in the sum of $1,976, with interest from the date of the withdrawal, and to a lien thereon in said amount and to a sale of the premises to satisfy the same; and the judgment contains other provisions appropriate to such adjudication.

The trial court adopted the short form of decision in which were stated the reasons for the decision. The Appellate Division unanimously affirmed the judgment and one of the results was to take from this court the power to pass upon a number of questions argued by defendants.

They insist that there is no finding by the court below which justifies the inference that there was any irrevocable trust created by Mrs. Coyle in favor of plaintiff — with which contention it may be said in passing we do not agree — and that there is no testimony in the case upon which could be predicated a finding that an irrevocable trust was created.

To this contention we must make the answer ofttimes made

in this court, that the conclusiveness of the judgment is such as to preclude us from examining the evidence as to its sufficiency to sustain the material facts alleged by plaintiff, for the legal effect of a short decision is the same as of a judgment entered on a general verdict, and the same presumptions apply. (*Cons. El. Storage Co.* v. *Atlantic Trust Co.*, 161 N. Y. 605; *Marden* v. *Dorthy*, 160 N. Y. 39; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219.)

So far as our right of review is concerned, therefore, it matters not whether the trial court found in terms that there was an irrevocable trust created, for the complaint having so alleged, and the decision having proceeded on that view, it would be the duty of this court to assume, in view of the unanimous affirmance of the Appellate Division, that such a fact was necessarily found by the trial court, inasmuch as such a finding is necessary to support the cause of action alleged in the complaint.

For the same reason we are prevented from considering another point urged, that plaintiff's claim is barred by the 10-year Statute of Limitations. The decision asserted that the claim was not barred, because "the statute did not begin to run against said plaintiff until the death of said Rose Ann Coyle, in 1892, nor for the additional period of 18 months thereafter."

Now, the learned counsel for defendants insists that, because the trial court did not find specifically that Mrs. Coyle did not repudiate the trust when she drew the money from the savings bank and purchased the real estate, it is open to this court to examine the evidence and decide therefrom whether there was a distinct, unequivocal repudiation of the trust at that time by her; and if the inference of fact should be drawn that such was the effect of her acts, then the court should hold that the statute began to run at that time and the claim was barred. But one of the questions the trial court had to decide related to the Statute of Limitations, and when it decided that the statute did not begin to run until 18

months after the death of Mrs. Coyle it necessarily decided that the evidence did not permit the finding of fact that she unequivocally repudiated the trust at the time of the purchase of the real-estate. We are precluded, therefore, from examining the testimony for the purpose of determining whether Mrs. Coyle did intend on the 15th day of May, 1879, to repudiate the trust.

The only exceptions presented by the record that may be reviewed in this court were taken to the admission and rejection of testimony.

Plaintiff, against objection that his testimony was incompetent under section 829 of the Code, was permitted to testify to a conversation between his Uncle Philip and Mrs. Coyle in his presence, when he was 15 years old, in which he took no part. According to the witness his uncle said : " I will have that money, or I will know the reason why." Mrs. Coyle replied : " I have it in trust for John, the orphan [meaning plaintiff], and you can't get it."

This evidence the Appellate Division deemed proper on authority of *O'Brien* v. *Weiler* (140 N. Y. 281, 286), in which *Cary* v. *White* (59 N. Y. 336) and *Simmons* v. *Havens* (101 N. Y. 427) were cited as supporting the proposition laid down. These cases were in turn based upon earlier decisions construing section 399 of the old Code or that section as amended, which now constitutes section 829 of the present Code.

The earliest case I have found in this court is *Simmons* v. *Sisson* (26 N. Y. 264). There a defendant in an action brought by an administrator was permitted to testify to a conversation heard by him between deceased and a third person ; and it was held that as the conversation was not a transaction between deceased and the witness section 399 did not prevent him from testifying to it.

In *Lobdell* v. *Lobdell* (36 N. Y. 327) it was said that a man has a right to testify in his own behalf in every respect except as restrained by statute, and that while section 399 precludes a witness from testifying as to transactions or communications with a person since deceased, it does not in terms render him

incompetent to testify to conversations and transactions over- heard or witnessed by him between deceased and a third person.

In *Cary* v. *White* (59 N. Y. 336) the decision advised by the opinion was sustained by a bare majority of the court, but the argument by which that conclusion was reached seems to have received full assent of but one of the majority, Judge GROVER. The opinion, after citing the *Lobdell Case* (*supra*), said : " It must, we think, be regarded as settled, under the present provision of the Code, that the 399th section does not preclude a party from testifying to the statements of a person deceased, made to a third person in the hearing of the witness."

In *Kraushaar* v. *Meyer* (72 N. Y. 602) it was held, all concurring, that a witness who participated in a conversation between deceased and a third person relating to a transaction between the witness and deceased is prohibited by section 399 from testifying to the conversation, although he is not incompetent under that section to testify to an independent conversation between deceased and the third person in which he did not participate.

In *Simmons* v. *Havens* (101 N. Y. 427) a witness was allowed to testify to conversations between deceased and another at which the witness was present, but in which it did not appear that she took any part; and this court held the evidence to be proper on the authority of *Cary* v. *White* (*supra*).

Now before specially considering *O'Brien* v. *Weiler* (*supra*), another line of authorities that must be admitted to have created an exception to the rule of those cases will be taken up.

The first is *Holcomb* v. *Holcomb* (95 N. Y. 316), in which the court said : " The policy of the statute excludes the evidence of an interested witness concerning, 1st. Any transaction between himself and a deceased person, or in which the witness in any manner participated ; 2d. All communications between the person deceased and the witness, including communications in the presence or hearing of the witness, if he in

any way was a party thereto, or communications to either one of two or more persons, if all were interested. * * * If while the decedent is conversing with a third person, the witness by word or sign participates in, or is referred to, his evidence of what occurred cannot be received."

To the same effect are *Lane* v. *Lane* (95 N. Y. 494) and *Matter of Smith* (95 N. Y. 516).

In *Matter of Eysaman* (113 N. Y. 62, 73) this court, Chief Judge RUGER writing, approved the holding in the *Holcomb* case that, "The policy of the statutes excludes testimony of an interested witness concerning any transaction with the deceased in which the witness in any manner participated, or of any communication in his presence or hearing, if he, in any way, was a party thereto." The court distinguished and questioned *Cary* v. *White* (*supra*).

In *Matter of Dunham* (121 N. Y. 575) this court cited with approval the decisions in the *Holcomb* and *Eysaman Cases* (*supra*), saying of those decisions that "The ground for the ruling is that communications in the presence of the witness are deemed to be made to him."

In *Matter of Bernsee* (141 N. Y. 389) the first question considered by the court was whether one Bernsee, beneficiary under a will the proceeding was brought to probate, was competent to testify to conversations or transactions between deceased and the witnesses to her will, at the time of its execution. Chief Judge ANDREWS, writing, said: "What occurred at that time was a transaction between the testatrix and the witness, within the meaning of sec. 829 of the Code, although he took no actual part in the conversation and it was wholly between the testatrix and the attesting witnesses. If active participation in the conversation was necessary to exclude an interested witness, and he should as an observer be permitted to testify to transactions in form between the deceased and third persons, although such transactions were in his interest, it would furnish an easy and convenient method in every case of evading the statute. The decisions have enforced the spirit of the statute by excluding such evidence, and have

treated transactions between the deceased and third persons in the presence of interested parties as if the witnesses actually participated therein." (Citing the *Holcomb, Eysaman* and *Dunham Cases, supra.*)

Now returning to the *O'Brien* case in 140th New York we find the court did hold it was not error to permit the witness to testify to an interview between deceased and a third person of which the witness was a silent auditor, and cited in support of the position *Cary* v. *White* and *Simmons* v. *Havens* (*supra*). Now, as has been noted, *Cary* v. *White* was distinguished and questioned in the *Eysaman* case, and the only authority cited in *Simmons* v. *Havens* in support of the decision made was *Cary* v. *White;* and it is clear in the light of the other authorities in this court to which reference has been made, that the rule laid down in those cases and the earlier ones to which we have called attention was too broadly stated. It has now been limited to this extent at least that all conversations or transactions between persons since deceased and a third party in the presence or hearing of the witness may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it. It may well be that in the *O'Brien* case the court deemed the witness not within the exceptions to the general rule first laid down, and so did not refer to them, but however that may be, the *Bernsee Case* (*supra*) in the succeeding volume shows that the court had no intention to either cut off the exceptions that had been created or to render them less effective.

It does not necessarily follow that the judgment must be reversed because of this error, for as it was said in *Matter of Bernsee* (141 N. Y. 389, 394): "It would be contrary to the general rule to reverse a judgment for a technical error which did not affect the result."

It will be observed that neither plaintiff's uncle nor Mrs. Coyle said the uncle had furnished the money. Her statement as testified to by the witness was that she had the money in trust for John, and clearly that statement did not harm, for

such was the fact, as appears by the bank books in evidence, which are neither explained nor qualified by evidence introduced by defendants. If it be said that the inference is possible from this conversation that the uncle furnished the money or some part of it, it may be answered that there is stronger evidence in that direction by the witness Carroll, who said that Mrs. Coyle was talking with him about plaintiff's candidacy for the position of fireman in the New York department. " I told her," he said, " she would have to pay for it, and she told me if she did, it was his money. * * * She told me that this money was put in trust by his uncle, for the orphan, as she called him, and he was, I believe, called the orphan at that time, and that she was going to take care of it until he was of age and fit to take care of it, and see that there was justice done on all sides; and always claimed that the place belonged to John." Now, this witness was unimpeached, his evidence was uncontradicted and the record is barren of evidence tending to show that plaintiff's Uncle Philip did not contribute toward the sum which it is conceded was at one time placed in trust for plaintiff by Mrs. Coyle. This case was tried before a court without a jury, a court with wide experience in weighing facts, and it is little short of absurd to assume that, in the light of the evidence presented by this record, he attached importance to the plaintiff's version of the dialogue which took place, when plaintiff was about 15 years old, between his uncle and his aunt. In such a case it is our duty to affirm a judgment, notwithstanding error may have been committed.

Plaintiff also, against the objection that his testimony was incompetent under section 829, was permitted to testify that he was with Mrs. Coyle in the savings bank when she drew out the money, and went with her to the place where the deed to the premises in question was delivered to her on the payment of the consideration, made up in part of moneys drawn from the savings bank.

These transactions were not between Mrs. Coyle and plaintiff, nor was he referred to in the course of them as interested

or otherwise ; but instead they were between other parties and Mrs. Coyle. The first transaction was between her and the officers of the bank, and related solely to the drawing out of money, which she did, as is abundantly established by the testimony of the officers of the bank and by her pass book, receipt and check, all of which were offered in evidence. The second transaction was between her and the party from whom she received the deed, and the deed is in evidence, showing that it was executed and delivered to her on the same day she drew the money out of the bank.

Plaintiff had no part in these transactions other than that of a spectator, and it is apparent that the situation is within the exceptions noted in the *Holcomb* case. Sometimes, it is true, a person is prohibited under the construction which is given to section 829 to testify to an independent fact, although the answer to the question put does not in terms call for a conversation or transaction with a deceased person, as in *Richardson* v. *Emmett* (170 N. Y. 412). There a judgment was reversed because plaintiff was allowed to testify that the certificates of stock in controversy were in her possession at a given time. This evidence under the circumstances adduced had no materiality except to establish a *delivery to her of the certificates after they had been issued in her name by the railroad company ; and as it tended to establish such a delivery, and to permit such an inference —* in view of the fact that plaintiff's intestate had first caused such stock, which he owned and had paid for, to be issued in her name by the railroad company — it was held that the plaintiff in testifying to the fact of possession necessarily testified concerning a transaction and communication, though she did not directly say she had either. And this was so because without evidence showing possession of the stock in her — and there was none other — defendant could not have recovered. The testimony here is not within the rule of that case, for no fact is testified to tending to show a transaction between plaintiff and Mrs. Coyle, nor does it permit an inference that there was some transaction between them which would now be

helpful to plaintiff in establishing the existence of a trust, and his right to enforce it.

If, however, the admission of the testimony was error there should not be a reversal. The details given by plaintiff of the transaction between Mrs. Coyle and the bank officials, and of that between Mrs. Coyle and the real estate owner are all inferable from the oral testimony of these several parties supplemented by the pass book, check, receipt and deed. That the money taken from the savings bank account deposited in trust for this plaintiff went into the premises in question, has sufficient other evidence in its support. Indeed, it is not even in controversy so far as evidence is concerned.

The other exceptions do not require discussion.

The judgment should be affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.