(85 App. Div. 367.)

### FARRAR v. FARMERS' LOAN & TRUST CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. ACTION AGAINST EXECUTOR—WITNESSES—COMPETENCY.
    In an action by the executor of a wife's estate against the executor of the husband's estate, a witness, who was a beneficiary of both, but whose precise interest in the estate of plaintiff's decedent did not appear, was not incompetent as a witness under Code Civ. Proc. § 829, relating. to witnesses.

**2. SAME—CONVERSATION OF DECEASED WITH THIRD PERSON.**
Under Code Civ. Proc. § 829, a party interested in the result is not incompetent to testify to a conversation had between deceased and a third person, in which witness did not participate.

Appeal from Judgment on Report of Referee.

Action by George D. Farrar, as executor under the will of Sarah Ellen Theall, deceased, against the Institution for the Savings of Merchants' Clerks, in which the Farmers' Loan & Trust Company, as executor of Horace Theall, deceased, was substituted as defendant. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore H. Lord, for appellant.
David McClure, for respondent.

O'BRIEN, J. The action was brought by the executor of Mrs. Sarah Ellen Theall to recover from a bank a deposit therein in the name of "Sarah E. Theall, in trust for Horace Theall." The Farmers' Loan & Trust Company, by order of interpleader, as executor of the will of Horace Theall, deceased, was substituted in place of the bank as defendant. The issues were referred, and from the judgment entered upon the decision of the referee the plaintiff appeals.

We think the judgment must be reversed for an error committed in excluding the testimony of Mrs. Sarah J. Farrar, the daughter of Mrs. Theall, relating to a conversation between Mrs. Theall and the cashier of the bank at the time the account was opened. Such testimony was excluded upon the ground that it was within the prohibition of section 829 of the Code of Civil Procedure. Whether Mrs. Farrar, the witness whose testimony was objected to, was or was not interested in the event of the controversy, was not made to appear. It was stipulated in the case that she was a beneficiary under the will of Mrs. Theall; but to what extent she was a beneficiary, whether as a legatee or otherwise, was not shown, nor was that fact stipulated. The rule has been frequently stated that one asserting that a witness is incompetent to testify on account of a statutory prohibition has the burden of establishing the disqualification. Griffiths v. Metropolitan St. Ry.' Co., 171 N. Y. 106, 63 N. E. 808; Green v. Metropolitan St. Ry. Co., 171 N. Y. 201, 63 N. E. 958, 89 Am. St. Rep. 807; Whitman v. Foley, 125 N. Y. 651, 26 N. E. 725; City of Cohoes v. D. & H. C. Co., 134 N. Y. 397, 31 N. E. 887. Here the witness was a beneficiary of both the plaintiff's testatrix and defendant's testator, but, as stated, the nature of her interest in her mother's estate does not appear. If entitled only to a specific legacy, the estate may be entirely sufficient to satisfy this claim, in which event she would have no interest in this action brought by the executor to recover personal property of the deceased. Carpenter v. Soule, 88 N. Y. 251, 42 Am. Rep. 248. Apart, however, from this feature of the case, we do not think that the testimony sought to be elicited from Mrs. Farrar related to any personal transaction or communication between herself and the testatrix, as that phrase "personal transaction or communication" has been construed by the decisions. It is unnecessary to refer to the numerous

cases bearing upon this subject, as they have been very ably and fully collated and discussed in the recent opinion in Hutton v. Smith, filed in the Court of Appeals on the 9th of June, 1903 (not yet officially reported) 67 N. E. 633, which, as the latest expression of that court, it is our duty to follow. In O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587, it was held that a witness was not precluded from testifying to a conversation between the testator and another in his presence, in which he took no part, although interested in the event. In commenting upon this decision and the cases cited in its support, Chief Judge Parker says in Hutton v. Smith, supra, that the rule was too broadly stated, and continues:

"It has now been limited to this extent, at least: that all conversations or transactions between persons since deceased and a third party in the presence or hearing of the witness may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it."

We assume, therefore, that, as thus limited, the rule in O'Brien v. Weiler is still the law in this state; and, as here Mrs. Farrar was asked only to state the conversation between the cashier of the bank and the deceased, and it does not appear that she had in such conversation, "by word or sign, participated," or that she was referred to therein, or that she was a party thereto, she was not, either under the O'Brien v. Weiler Case, supra, or under the decision in Hutton v. Smith, supra, disqualified.

For the error, therefore, in excluding her testimony, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.