In the Matter of the Estate of ARTHUR K. BOURNE, JR., Deceased.

Surrogate's Court, Suffolk County, September 1, 1954.

*Frederick W. Tuck, Jr.,* for Elizabeth S. Bourne, applicant.

*Dodge & Schur* for Beatrice B. Brennan, applicant.

HAZLETON, S. Two applications seeking letters of administration on the goods, chattels and credits which were of Arthur K. Bourne, Jr., deceased, are before this court. One of the applicants is a daughter of the decedent by his first wife; the other claims to be decedent's widow by virtue of a second marriage. Both the first wife and the second wife (so referred to for the purposes of this decision) have survived the decedent and are presently living.

The validity of the second marriage has been attacked and testimony is now being heard by the court with respect to this issue. The trial, however, has been suspended pending the determination of whether or not certain testimony offered by the first wife is admissible.

It appears from the evidence thus far adduced that the first wife entered into a separation agreement with her husband, the decedent, whereby, among other things, she renounced all interest, right or claim in the separate estate of her husband. Thereafter the husband obtained a decree of divorce against the first wife which she now contends was invalid, and hence the present issue as to the validity of the second marriage.

It appears further that the first wife has waived all right to letters of administration (assuming she be entitled thereto) in favor of her daughter, Beatrice Barbara Brennan, the applicant for letters first above mentioned. The first wife now offers testimony of a conversation had with her husband in the presence of the daughter, dealing with the matter of the then proposed Florida divorce, thus evoking the question of admissibility aforesaid.

In objecting to the testimony offered, the second wife urges (1) that the first wife is incompetent as a witness by virtue of the provisions of section 347 of the Civil Practice Act, and (2) that the communication between the first wife and her husband was confidential and hence is barred by the provisions of section 349 of the Civil Practice Act.

No problem is presented in disposing of objection number 2, since concededly, the daughter by the first marriage was present at the time the conversation took place, the presence of such third party must be held to destroy the claimed " confidential " character of said conversation. (*People* v. *Lewis,* 62 Hun 622, affd. 136 N. Y. 633.)

Objection number 1, however, presents a sturdier obstacle to the acceptance of the testimony in question. The first wife argues that she is no longer an interested party within the meaning of the statute because she has renounced her interest in the estate, as well as her right to letters of administration. True it may be that she has thus waived her right to participate in decedent's estate, but she is still faced with the specific language of section 347 that " a person from, through or under whom such a party or interested person derives his interest or title by assignment or *otherwise,* shall not be examined as a witness   *   *   *   in behalf of the party succeeding to his title or interest " (emphasis added).

The daughter of the first marriage, as a child of the decedent who died intestate, manifestly stands to share in that portion of the estate which the first wife, her mother, has renounced, should she be successful in her attempt to invalidate the second marriage. It follows that the daughter is a possible successor to the first wife within the intent of the statute, at least to a portion of the renounced share (there being two other children of the first marriage). Since this right of succession is created by the act of the mother in renouncing a share in decedent's estate, it seems clear to me that such act is within the contemplation of the statute when it states " derives his interest   *   *   *   by assignment or otherwise " (Civ. Prac. Act, § 347;

*O'Brien* v. *Weiler*, 140 N. Y. 281; *Matter of Aievoli*, 272 App. Div. 544).

There remains only the contention by the first wife that the objection made to her testimony was not timely. Such contention is without merit. Objection was made when the testimony was first offered and such testimony was received subject to a motion to strike out. The trial was suspended specifically to rule on this very question of the admissibility of the testimony. I hold that timely objection was made.

The witness is incompetent to testify as to conversations with the decedent, and accordingly, I now sustain the objection and grant the motion to strike out the testimony in question.